## DE ZAVALA et al. v. SCANLAN et al.
### No. 1456—6140.

Commission of Appeals of Texas, Section B.
Nov. 28, 1933.

490

Boyles, Brown & Scott, Frank G. Dyer, and Ed R. Campbell, all of Houston, for plaintiffs in error.

Walter F. Brown, of Houston, for defendants in error.

SMEDLEY, Judge.

In a suit in the district court of Harris county, in which De Zavala, plaintiff in error herein, was plaintiff, and Arcola Sugar Mills Company and Miss Kate Scanlan, defendants in error herein, were defendants, judgment was rendered in May, 1922, in favor of De Zavala against Arcola Sugar Mills Company for $2,500, with interest, and a supersedeas bond signed by Arcola Sugar Mills Company as principal and by Miss Kate Scanlan and William J. Dermody as sureties was executed, approved, and filed. A petition for writ of error in that case was filed, but no transcript was ever filed in the Court of Civil Appeals, and no judgment was ever entered in the Court of Civil Appeals. This is a suit by De Zavala and the others to whom he assigned interests in that judgment, for recovery upon the supersedeas bond. In the trial court judgment was rendered in favor of plaintiffs against the makers of the bond. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the makers of the bond, holding that the judgment entered in the first suit was not a final judgment because it made no disposition of the defendant Miss Kate Scanlan, and that the supersedeas bond was of no effect on account of being based upon a judgment which was not final.

The principal question presented is whether the judgment rendered in the district court of Harris county in 1922 was a final judgment.

In that case De Zavala sued Arcola Sugar Mills Company and Miss Kate Scanlan jointly and severally for services rendered by him in procuring a loan for the company. At the conclusion of the evidence, counsel for Miss Scanlan filed a motion for a peremptory instruction, which was overruled. The case was submitted to the jury on the following special issues, which were answered as indicated:

"Special Issue No. 1. Did the defendant Kate Scanlan, make an arrangement with plaintiff to assist in procuring said loan for the Arcola Sugar Mills Company? Answer of Jury: She did."

"Special Issue No. 2. Was it or not agreed between plaintiff and defendant, Kate Scanlan, that plaintiff should receive compensation from said Kate Scanlan or the Arcola Sugar Mills Company for services to be rendered by him in procuring said loan? Answer of jury: It was.

"Special Issue No. 3. If in answer to the preceding issue you have stated that it was agreed between plaintiff and Miss Kate Scanlan that plaintiff was to receive compensation for his services in procuring said loan, then you will answer this question: 'What was the reasonable value of the services rendered by plaintiff in procuring said loan?' Answer of the jury: $2,500.00.

"Special Issue No. 4. Was it understood between plaintiff and defendants that no commission was to be charged by or paid to plaintiff for his help in procuring such loan? Answer of the jury: It was not."

After the verdict was returned, the plaintiff De Zavala filed a motion for the entry of judgment in his favor against both defendants. In this motion, a form for the judgment requested to be entered was set out, containing the issues and the answers of the jury, and ordering and adjudging that plaintiff have and recover of and from Miss Kate Scanlan and Arcola Sugar Mills Company the sum of $2,500, with interest and costs. Thereafter the court rendered its judgment, which was duly entered in the minutes. That judgment contains the usual preliminary statements showing appearance of the parties, the impaneling of the jury, etc., and sets out the special issues submitted to the jury and the answers. It then orders and adjudges that the plaintiff have and recover of and from the defendant Arcola Sugar Mills Company judgment for $2,500, with interest and costs.

The concluding paragraph of the judgment is as follows: "The Plaintiff excepts to action of the court in refusing judgment in his behalf against defendant Kate Scanlan, and gives notice of appeal, and 90 days after adjournment shall allow in which to file statement of facts and bills of exception. To which judgment defendant Arcola Sugar Mills Company excepted as against it and gave notice of appeal and said allowance for statement of facts and bills of exception. W. E. Monteith, Judge."

It is our opinion that the judgment disposed of both parties defendant, and that by it the court adjudged that the plaintiff should recover the sum named from the defendant Arcola Sugar Mills Company, and that plaintiff should not recover from the defendant Miss Kate Scanlan.

In the case of Ware v. Jones (Tex. Com. App.) 250 S. W. 663, 665, in which the court had before it the question whether a judgment was final, Judge Gallagher, who wrote the opinion, said: "In determining the character of the judgment rendered by the district court of Tarrant county in the original case, we are authorized to consider it in the light of the entire record therein and in the light of the construction given it by the parties in presenting it to the appellate court for revision." See, also, Moody v. Smoot, 78 Tex. 119, 14 S. W. 285; Gullett v. O'Connor, 54 Tex. 408.

The record as a whole shows that the trial court in and by its judgment determined that plaintiff De Zavala should not recover on his claim against defendant Miss Kate Scanlan, and the two parties defendant by their execution of the supersedeas bond so construed the judgment. The plaintiff sought recovery against the defendants jointly and severally. It is true that the motion of Miss Scanlan for a peremptory instruction was overruled, but, after a verdict favorable to plaintiff was returned, the court declined to enter a judgment against both defendants as requested by plaintiff, and entered judgment against the Arcola Sugar Mills Company for the full amount that the jury found was the reasonable value of the services rendered by plaintiff in procuring the loan for the company.

The sentence in the judgment as entered by the court which awards to plaintiff a recovery of the full amount from the defendant company is immediately followed by this statement: "The Plaintiff excepts to action of the court in refusing judgment in his behalf against defendant Kate Scanlan."

Here the court in the judgment is in effect stating that it refuses to render judgment in favor of plaintiff against defendant Miss Scanlan, and that plaintiff is excepting to such refusal. The defendant Arcola Sugar Mills Company, after giving notice of appeal, filed a petition for writ of error, and filed the bond for the purpose of superseding the judgment against it, which bond was signed by Miss Scanlan as one of the sureties.

The action of the court and the acts of the parties which are reflected by the record and are above referred to, necessarily, it appears, lead to the conclusion that the court determined that plaintiff should not recover against the defendant Miss Scanlan.

If, however, the finality of the judgment must be determined from the judgment itself, as entered in the minutes, and aside from the facts above referred to not shown by the judgment itself, we are of the opinion that even by this test the judgment is a final judgment.

■■ The judgment, of course, would have been better in form if it had contained the usual words to the effect that it was ordered, adjudged, and decreed that the plaintiff take nothing by his suit against the defendant Miss Scanlan. A judgment is, however, valid and final without "a decretal declaration" that the plaintiff take so much from the defendant if it ascertains with precision and certainty the amount of the defendant's indebtedness to the plaintiff. Further, in the language of Judge Wheeler, in Patrick v. Gibbs, 17 Tex. 275: "The validity and conclusive effect of a judgment does not depend on the particular phraseology in which it is expressed. Technical formality and legal precision, it has been said, need not be preserved, if the judgment is expressed in language which is significant in common understanding and parlance." See, also, Freeman on Judgments (5th Ed.) vol. 1, pp. 120, 128.

■ Although a judgment does not by express language dispose of all of the parties and of all of the issues, it is nevertheless a final judgment if it does dispose of them by necessary implication. See Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S. W. 193; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

The statement incorporated in the judgment that "plaintiff excepts to the action of the court in refusing judgment in his behalf against defendant Kate Scanlan," when following that part of the judgment which awards to the plaintiff against the other defendant the full amount which plaintiff is entitled to recover, disposes by necessary implication of plaintiff's suit against Miss Scanlan. Any other conclusion attaches undue importance to technicality and mere phraseology. Defendants in error contend that the language quoted is but the plaintiff's exception embodied in the minutes. We construe it rather as a statement by the court as a part of its judgment that the plaintiff is excepting to the court's action in refusing to give him judgment against Miss Scanlan, and such statement is necessarily a declaration by the court in its judgment that it is refusing to give the plaintiff judgment against Miss Scanlan.

■■ The judgment as appearing in the minutes signed by the judge constitutes the record which the clerk is required to keep of the acts, orders, and judgments of the court. Articles 1890, 1902, 1918, R. C. S. 1925. By reason of the provisions of article 2210, one who desires to except to the court's judgment may cause his exception "to be noted on the record in the judgment entry," but the

act of the party in requesting that his exception be so noted does not convert that part of the judgment entry containing the recital of that fact into a bill of exceptions. It remains the act of the court and a part of the court's judgment. It is the court's statement in its judgment of the fact that the party did except, such fact appearing in this manner in the record, by virtue of article 2210, instead of being evidenced by a bill of exceptions submitted, allowed, and filed in the usual way. From the statement by the court as it appears in the judgment that the plaintiff excepted to the court's action in refusing judgment in his behalf against defendant Kate Scanlan is necessarily implied the statement by the court that it was refusing to give the plaintiff judgment against Miss Scanlan.

There are a number of decisions holding that judgments were not final in cases where two or more defendants were sued and judgments were rendered in favor of the plaintiffs against one or more of the defendants with no express disposition of the suits as against the other or other defendants, among such decisions being Missouri Pacific Ry. Co. v. Scott, 78 Tex. 360, 14 S. W. 791; Masterson v. Williams (Tex. Sup.) 11 S. W. 531; Whitaker v. Gee, 61 Tex. 217; Bradford v. Taylor, 64 Tex. 169; Gathings v. Robertson (Tex. Com. App.) 276 S. W. 218. But in none of those cases was there incorporated in the judgment, as there is here, a statement by the court indicating its determination that the plaintiff should not recover against the defendant or defendants as to whom there was no express disposition.

■ The Court of Civil Appeals reversed and rendered the case upon its decision that the bond was invalid because not based upon a final judgment, without disposing of certain assignments of error presented in the brief filed in that court by defendants in error. One of such assignments charges error in the action of the trial court in rendering judgment in favor of De Zavala because the pleading alleged that the cause of action was entirely owned by the plaintiffs other than De Zavala. The judgment of the trial court is attacked by three other assignments on the ground that the evidence does not show that De Zavala assigned to any of the other plaintiffs any cause of action which he had on the supersedeas bond.

Plaintiffs in error De Zavala, E. R. Campbell, suing individually and as trustee, and the First National Bank of Houston, Houston, Tex., seek in this suit jointly to recover against defendants in error jointly and severally judgment on the supersedeas bond for the amount of the judgment rendered in the former suit, with interest. The petition alleges that on dates subsequent to that of the judgment in the former suit De Zavala, by instruments in writing, duly recorded, assigned, and transferred the said judgment to the other plaintiffs in the following proportions: A one-fourth interest to E. R. Campbell individually, and a three-fourths interest to E. R. Campbell as trustee for the benefit of certain named creditors of De Zavala, with all moneys remaining out of said three-fourths interest after the named creditors were paid transferred to said First National Bank. It is alleged that under said assignments the plaintiffs other than De Zavala are the owners of the judgment, and as such are entitled to sue on the supersedeas bond, and that plaintiff De Zavala joins pro forma. The judgment of the trial court herein runs jointly in favor of all of the plaintiffs in error against defendants in error jointly and severally. E. R. Campbell appears herein as attorney of record for plaintiffs in error. The assignments are set out in the statement of facts. They assign both the cause of action and the judgment, and they show that the one-fourth interest was transferred to plaintiff in error Campbell as compensation for legal services rendered and to be rendered by him in the case, and that the three-fourths interest was assigned to Campbell as trustee for the purpose of paying debts owed by De Zavala.

Under such state of facts it cannot be said that De Zavala is not interested in the judgment or in its enforcement. He certainly is interested in the collection of the judgment and the application of the proceeds to the payment of his debts. Since he was plaintiff in the assigned judgment and the payee in the supersedeas bond, defendants in error have no cause for complaint when the assignee uses his name in the prosecution of the suit. Hudson v. Morriss, 55 Tex. 595; 34 C. J. 644.

■ As to the other assignments of error last referred to, we are of the opinion that an assignment of a cause of action and a judgment carries with it as an incident the right to compel the performance of the judgment by making collection under a supersedeas bond given for the purpose of appealing and staying the enforcement of the judgment pending the appeal. Such supersedeas bond is but an incident to the cause of action and to the judgment, and is given to afford the adverse party a means of enforcing the judgment if the appeal or writ of error is not prosecuted with effect.

■ For another reason there is no merit in the assignments of error under consideration. It is that but one judgment was rendered against defendants in error for the amount due under the supersedeas bond, and both the assignor De Zavala and his assignees were parties to the judgment and are bound by it, and make no complaint of it. Since the judgment was rendered jointly in favor of all of the plaintiffs and none of them complains of it, it is of no concern to defendants in error either that the judgment should

have been wholly in favor of De Zavala or that it should have been wholly in favor of his assignees. This conclusion is supported by the following authorities: T. & N. O. Ry. Co. v. Stevens (Tex. Com. App.) 24 S.W.(2d) 9; Republic Insurance Co. v. Hoyle (Tex. Civ. App.) 5 S.W.(2d) 602; Id. (Com. App.) 14 S. W.(2d) 816; Nix v. Mayer (Tex. Sup.) 2 S. W. 819; Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S. W. 193.

█ Defendants in error contend that the district court of Harris county for the sixty-first district, where the judgment herein was rendered, was without jurisdiction to try the case or to render judgment because a valid final judgment dismissing the case for want of prosecution had theretofore been rendered by the district court of Harris county for the eleventh district, where the suit was originally filed, and that, more than thirty days having elapsed without the filing of a motion for a new trial, such judgment of dismissal could not be set aside except by the filing of a bill of review, which was not done.

The record herein shows that this suit was filed in the district court of the eleventh district on February 8, 1927, and that on March 10, 1930, the judge of that court entered an order dismissing the case for want of prosecution. It is further shown, however, by the undisputed testimony of Frank G. Dyer, one of the attorneys of record for plaintiffs in error, that at the time the order was entered dismissing the case it was under advisement for decision by Judge Ewing Boyd, who was judge of the district court of Harris county for the Fifty-Fifth district, that the case had theretofore, during the January-July term, 1930, been submitted before Judge Boyd, who had stated that he desired to read more decisions and would not announce his judgment at that time, but would do so during the term. This witness further testified that, when he learned that the case had been dismissed, he requested its reinstatement, and that it was reinstated, by order of the district court of the Eleventh district on April 16, 1930.

The case was tried before and judgment rendered by the judge of the district court of the Sixty-First district on April 25, 1930. A nunc pro tunc order was entered by Judge Boyd of the Fifty-Fifth district court on May 29, 1930, as of February 7, 1930, transferring the case for trial from the Eleventh district court to the Fifty-Fifth district court. Judge Boyd's order recites that he finds all of the allegations in the motion for the entry of the order to be true. It is alleged in the motion that Judge Boyd was the presiding judge of the four civil district courts of Harris county, and that on February 7, 1930, he ordered this case transferred from the Eleventh district court to the Fifty-Fifth district court, but that for some unknown reason the order

was not entered on the minutes; that the case was tried before Judge Boyd on February 7, 1930, and that he took it under advisement and held it under advisement until April 25, 1930, when the case was transferred to the Sixty-First district court for another trial. There is no order in the record transferring the case to the Sixty-First district court, but the judgment rendered herein by that court recites that all parties appeared and announced ready for trial.

It is our opinion that under the facts as above set out the district court of the Sixty-First district had jurisdiction to try the case.

It is made to appear by the entry of the order nunc pro tunc that, prior to the dismissal of the case by the judge of the Eleventh district, the case had been transferred by the presiding judge of the four district courts from the Eleventh district court to the Fifty-Fifth district court, had been tried in the latter court, and taken under advisement and was being held under advisement at the very time the order of dismissal was entered by the first court. But, even if the nunc pro tunc order for any reason was not effective and may not be considered, the fact that the case had been heard by Judge Boyd before the entry of the order of the dismissal by the judge of the Eleventh district court, and was at the very time of the entry of such order actually held under advisement by Judge Boyd, is established by the testimony of the witness Dyer. By express provisions of article 2092, Revised Civil Statutes of 1925, prescribing the rules of practice and procedure for civil district courts in counties having two or more district courts with civil jurisdiction only, whose terms continue for three months or longer, the judge of one of such courts may transfer cases from one court to another, may try and determine any case pending in another of said courts, without having the case transferred, and may in his own court try any case pending in any other of such courts.

Sections 21 and 22 of said article 2092 are as follows:

"21. Exchange and transfer.—The judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, *and any of them may in his own court room try and determine any case or proceeding pending in another court without having the case transferred,* or may sit in any other of said courts and there hear and determine any case there pending, and every judgment and order shall be entered in the minutes of the court in which the case is pending and at the time the judgment or order is rendered, and two or more judges may try different cases in the same court at the same time, and each may occupy his own court room or the room of any other court.

494

The judge of any such court may issue restraining orders and injunctions returnable to any other judge or court, and any judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case or proceeding is transferred shall receive and try the same, and in turn shall have power in his discretion to transfer any such case to any other of said courts *and any other judge may in his court room try any case pending in any other of such courts.*

"22. Cases transferred to judges not occupied.—When the judge of any such court shall become disengaged, he shall notify the presiding judge, and the presiding judge shall transfer to the court of the disengaged judge the next case which is ready for trial in any of said courts. *Any judge not engaged in his own court may try any case in any other court.*" (Italics ours.)

Section 26 authorizes the selection of one of the judges of such courts as presiding judge, and authorizes him to assign any case in his court or in any of the courts to any other judge or court. By the terms of sections 24 and 25 one judge may hear part of a case and another judge may complete the case and render judgment.

Judge Boyd therefore, at the time he tried the case, had the authority to transfer the case from the district court for the Eleventh district to his court, and he also had the authority without transferring the case or without its being transferred to his court to take control of it and try it.

Notwithstanding the very sweeping terms of the statute, which was enacted for the purpose of expediting the trial of cases in the civil courts in such counties, and which apparently makes the judge of each district court in effect or to an extent the judge of any other district court in the county, it certainly was not, and could not have been, the intention of the Legislature to permit one judge to enter an order of dismissal for want of prosecution in a case then actually in process of trial by another judge. Over a case so in process of trial, the judge trying it must of necessity have exclusive control and jurisdiction. We conclude that the action of the district judge of the Eleventh district court in entering the order of dismissal when the case had been heard by Judge Boyd and was then being held under advisement by him, and thus was in process of trial, was unauthorized, without jurisdiction, and void.

Having reached the conclusion that the order of dismissal was void, it is not necessary that we determine the effect of the order reinstating the case entered more than thirty days after the order of dismissal.

 That the case was transferred to the district court of the Sixty-First district for trial after Judge Boyd had held the case under advisement and failed to decide it is shown by the nunc pro tunc order heretofore referred to, and is to be inferred from the testimony of the witness Dyer. Inasmuch, however, as the case was tried before the district court for the Sixty-First district, and judgment rendered by that court after all parties appeared and announced ready for trial, as shown by the recitals in the judgment, the presumption obtains, in the absence of an affirmative showing to the contrary, that the case was properly before that court and subject to trial there, under article 2092. Rasmussen v. Grimes (Tex. Com. App.) 24 S.W. (2d) 346.

 Error is assigned by defendants in error to the action of the trial court in admitting over their objections the testimony of the witness Dyer to the effect that the case was submitted to Judge Boyd and taken under advisement by him, and was so held under advisement at the time the order of dismissal was made by the judge of the Eleventh district; the objections made to this testimony being that the records of the court were the best evidence of what was done by the court. The bill of exceptions is defective and no error is shown because it does not appear in the bill or elsewhere in the record that there was a record of the court showing Judge Boyd's action in the matters testified to by the witness. In all probability there was no order entered in the minutes of the court showing that Judge Boyd had heard the case and was holding it under advisement, as the calling of the case, the appearance of the parties, the hearing of the testimony and the like, are usually first recited in the final judgment.

 There was no error in admitting in evidence the original draft of the judgment in De Zavala's suit against Arcola Sugar Mills Company and Miss Kate Scanlan, because such draft, including the signature of the trial judge, is identical with the copy of the judgment as set out in the agreed statement of facts.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.