Marvin GHOLSON, Appellant,

v.

W. E. THORN et al., Appellees.

No. 20314.

Court of Civil Appeals of Texas, Dallas.

April 4, 1980.

George E. McCord, Dallas, for appellant.

W. Kyle Gooch, Smith, Smith, Dunlap & Canterbury, Wayne Pearson, Catherine A. Gerhauser, Burford & Ryburn, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

Appellees have moved to dismiss this appeal on the ground that the transcript was not filed within sixty days after the judgment was signed, as required by Rule 386 of the Texas Rules of Civil Procedure. The problem arises from the signing of two identical judgments by different judges. We hold that the time for appeal started running from the signing of the first judgment although the judge who signed it was not the judge who actually decided the case. Since the transcript was filed more than sixty days after that judgment was signed, and no motion to extend was filed within the time allowed, we dismiss the appeal.

The record shows that Judge Snowden Leftwich heard defendants' motions for summary judgment and advised counsel for both parties by letter that the motions were granted. The letter directed counsel to work together on an appropriate draft of judgment. On September 27, 1979, Judge Dee Brown Walker, sitting for Judge Leftwich, signed a judgment in accordance with the letter. On October 5, Judge Leftwich signed an identical judgment. Both were entered in the minutes of the court. The appeal bond was filed within thirty days after the first judgment, but the transcript was not filed until December 3, which was less than sixty days after the second judgment, but more than sixty days after the first. Appellant filed no motion to extend the time, and appellees moved to dismiss because of late filing of the transcript.

■ Appellant recognizes the rule established by cases such as *Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973), and *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941), that when two judgments appear in the record and the second does not purport to vacate the first, the first judgment is effective to start the time for appeal and the second is void. In response to the motion to dismiss, appellant urges that the time for appeal did not begin to run until the date of the second judgment because Judge Walker had no authority to sign the first judgment. To resolve the issue of whether that judgment was signed because of some mistake or inadvertence, we passed the motion to dismiss pending a determination by Judge Leftwich of whether that judgment should be expunged. We now have before us a supplemental transcript containing a motion to expunge by appellant and an order signed by Judge Leftwich reciting that after hearing evidence, the court had determined that the judgment signed by Judge Walker was valid and the judgment of October 5 was void.

■ Notwithstanding this order, appellant contends that the earlier judgment is void because as a matter of law Judge Walker had no authority to sign a judgment in a case he had not heard. We do not agree. The authority of one judge to act for another is governed by the following provisions of Rule 330, Texas Rules of Civil Procedure, which adopts the provisions of the Special Practice Act, formerly appearing as article 2092 of the Texas Revised Civil Statutes of 1925, with minor textual change:

(e) Exchange and Transfer

Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own courtroom try and determine any case or proceeding pending in another court without having the case transferred, or may sit in any other of said courts and there hear and determine any case there pending, and every judgment and order shall be entered in the minutes of the court in which the case is pending at the time the judgment or order is rendered, and two (2) or more judges may try different cases in the same court at the same time, and each may occupy his own courtroom or the room of any other court. The judge of any such court may issue restraining orders and injunctions returnable to any other judge or court, and any judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case or proceeding is transferred shall receive and try the same, and in turn shall have power in his discretion to transfer any such case to any other of said courts and any other judge may in his courtroom try any case pending in any other of such courts.

. . . . .

(g) Judge May Hear Only Part of Case

Where in such counties there are two or more district courts having civil jurisdiction, any judge may hear any part of any case or proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case.

The constitutionality of the Special Practice Act has been upheld on the ground that it is authorized by article V, section 11, of the Texas Constitution, which provides that district judges "may exchange districts, or hold courts for each other, when they deem it expedient, or shall do so when required by law." *Currie v. Dobbs*, 10 S.W.2d 438, 439 (Tex.Civ.App.—El Paso 1928, no writ). The statute was enacted for the purpose of expediting the trial of cases and in effect makes the judge of each district court the judge of any other district court in the county. *De Zavala v. Scanlan*, 65 S.W.2d 489, 494 (Tex. Comm'n App. 1933, judgmt. adopted). This court has declared that the Act has the effect of obliterating all distinctions between the civil district courts in Dallas County and constitutes each a part of a greater judicial organism. *De Witt v. Republic Nat'l Bank*, 168 S.W.2d 711, 715 (Tex.Civ.App.—Dallas 1943, no writ). This effect, however, is subject to the practical limitation that a judge cannot act so as to interfere with a case in the process of trial before another judge. *De Zavala v. Scanlan, supra*, at 494; *Harkness v. McQueen*, 207 S.W.2d 676, 680 (Tex.Civ.App.—Galveston 1947, no writ). Substantially the same provisions as those in Rule 330(e) and (g) are found in section 2.002 of article 199a, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1980), which governs proceedings in the district courts of Dallas County.

■ Appellant argues that rule 330 and section 2.002 do not authorize a judge to sign orders for another judge unless he has heard or tried a part of the case. We do not agree. Although neither the rule nor

the statute grant such authority expressly, the conclusion that they do is consistent with the broad interpretation of the Special Practice Act in the cases above discussed. The practical limitation recognized in those cases is not applicable here because this case was not in the process of trial before Judge Leftwich when Judge Walker signed the order. Judge Leftwich had heard the motions for summary judgment and had announced his decision in a letter to counsel for both parties. The decision expressed in the letter is complete and leaves nothing for future determination. Consequently, we regard the letter as a signed memorandum deciding all the issues and as equivalent to a pronouncement from the bench in open court. *Cf. Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976) (rendition of judgment must be a present act, either by spoken word or signed memorandum deciding the issues). Only the preparation, signing, and entry of a formal written judgment remained. That is a ministerial or clerical duty rather than a judicial function. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 291 (1953). Consequently, it would be contrary to the spirit and purpose of Rule 330, as well as section 2.002 of article 199a, to hold that a judge is authorized to hear and decide part of a case commenced before another judge, but lacks authority to perform that ministerial function. Of course, if the judgment signed by Judge Walker had varied from that announced by Judge Leftwich, a different question would be presented. No such variance is suggested here.

Moreover, *Knox v. Long* supports our holding that the letter was effective as a rendition of judgment. In that case, the supreme court said that a judgment may be rendered either by pronouncement in open court or by memorandum delivered to the clerk, and it gives controlling weight to the judge's intention, as indicated by the record. Although the present record does not show whether a copy of the letter to counsel was delivered to the clerk before Judge Walker signed the judgment, if such delivery was necessary, we must presume that it was so delivered in view of Judge Leftwich's finding, in response to the motion to expunge, that the judgment signed by Judge Walker was valid. In view of that finding, we must also presume that the judgment signed by Judge Walker was an accurate record of the judgment as Judge Leftwich intended it and as expressed in the letter. We hold, therefore, that Judge Walker's signature on the draft of judgment was effective to start the time for appeal.

Appeal dismissed.