Jerome SHARKEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00136–CR.

Court of Appeals of Texas, Texarkana.

Submitted June 21, 1999.

Decided June 22, 1999.

Allan Fishburn, Dallas, for appellant.

K. Jefferson Bray, Asst. Dist. Atty.–Appellate Section, Kerry Fitzgerald, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Jerome Sharkey was indicted in a criminal district court [1] of Dallas County, Texas, for the offense of unlawful possession of a controlled substance and two offenses of delivery of a controlled substance.[2] Sharkey appeals from all of his convictions, but this appeal addresses only cause number F97–56234–HL, an offense of unlawful possession of a controlled substance.[3] Shar-

---

1. The indictments in this case and *Jerome Sharkey v. The State of Texas,* 06–98–00138–CR do not specify a criminal district court. The space in which the number of the court should have been inserted was left blank. The indictment in *Jerome Sharkey v. The State of Texas,* 06–98–00137–CR specifies Criminal District Court No. 4.

2. The indictments in these cases are the only acts which occurred in the undesignated criminal district court. All other transactions were in Criminal District Court No. 5.

3. This case has two companion cases. *Jerome Sharkey v. The State of Texas,* 06–98–00137–CR addresses cause number F97–56255–KL, the offense of delivery of a controlled substance. *Jerome Sharkey v. The State of Texas,*

key waived his right to a jury trial and pleaded guilty in Criminal District Court No. 5 of Dallas County. He was found guilty and his punishment was set at ten years' confinement and a fine of $1,000 for the offense of possession of a controlled substance (No. 06–98–00136–CR) and for one offense of delivery of a controlled substance (No. 06–98–00138–CR). He was found guilty and his punishment was set at two years' confinement and a fine of $250 for the offense of delivery of a controlled substance in cause number 06–98–00137–CR.

Sharkey first contends that the trial court lacked jurisdiction. Specifically, Sharkey argues that the case was not properly transferred from the undesignated criminal district court to Criminal District Court No. 5 for his trial because the record does not contain a written transfer order.

■■■ Sharkey relies on Article 4.16 of the Texas Code of Criminal Procedure, which provides: "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or complaint shall first be filed shall retain jurisdiction...." TEX. CODE CRIM. PROC. ANN. art. 4.16 (Vernon 1977). The purpose of Article 4.16 is to prevent any confusion or contention between different courts having concurrent jurisdiction and each seeking to exercise jurisdiction. Its purpose is not to shield an accused from prosecution. *Garcia v. State,* 901 S.W.2d 731, 732 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd) (citing *Flores v. State,* 487 S.W.2d 122, 125 (Tex.Crim.App.1972)); *Mills v. State,* 742 S.W.2d 831, 835 (Tex.App.-Dallas 1987, no pet.). The fact that no transfer order is contained in the record is a procedural error. It does not render the actions of the transferee court void, but merely makes them subject to a timely plea to the court's jurisdiction. *See Garcia,* 901

S.W.2d at 732. If a defendant does not file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *Garcia v. State,* 901 S.W.2d at 732 (citing *Daniels v. State,* 171 Tex. Crim. 596, 352 S.W.2d 267, 268 (1961)); *see also Mills,* 742 S.W.2d at 835.

■■■ Sharkey appeared in Criminal District Court No. 5 and entered a guilty plea. He did not file a plea to the jurisdiction of the trial court or raise the matter until this appeal. He therefore waived any complaint in this regard. Absent an objection, the proceedings in Criminal District Court No. 5 were proper even though no transfer order appears in the record.

■■■ Second, Sharkey contends that the conviction is void because the judgment is not signed by the trial judge. Article 42.01, § 1 of the Texas Code of Criminal Procedure provides that "A judgment is the written declaration of the court *signed by the trial judge* and entered of record showing the conviction or acquittal of the defendant." TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp.1999) (Emphasis added.).

The number of trial judges involved in this case was enough to empty the robing closet. Manny Alvarez was the elected judge for Criminal District Court No. 5. The judgment was signed by Judge Kieth Dean. (Judge Lana McDaniel signed the judgment in one of the other convictions against Sharkey.)[4] The case was actually tried by Judge Zimmerman, who accepted the guilty plea, and by Judge Paul Banner at the punishment stage.

As the statute indicates, a judgment should be signed by the trial judge. This judge is knowledgeable of the proceedings and the results of the proceedings, and is in a better position to assure the correctness of the judgment than judges who

---

06–98–00138–CR, addresses cause number F97–56233–HL, the offense of delivery of a controlled substance.

**4.** *Jerome Sharkey v. The State of Texas,* No. 06–98–00138–CR.

have not heard the case or any part of the case. Surely, it was not intended that any judge walking down the hall can come in and sign a judgment when this judge is not shown by the record as having any involvement or familiarity with the case. This practice would not be well perceived by the public and certainly could create distrust in judicial proceedings.

We have been referred to Section 74.094 of the Texas Government Code for general authority for any judge to sign a judgment. This section provides that a district judge may hear and determine a matter pending in any district court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. TEX. GOV'T CODE ANN. § 74.094(a) (Vernon 1998). The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. *Id.* The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. *Id.* This provision contemplates that the judge signing the judgment heard all or part of the case as the trial judge. (*See* TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp.1999), defining judgment.)

Also, Section 24.303 of the Texas Government Code[5] provides in part:

(a) In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in term time or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts. The judges of those courts *may,* in their discretion, *exchange benches or districts* from time to time.

(b) If a judge of one of the courts is disqualified, he shall transfer the case or proceeding from his court to one of the other courts, and any of the judges may in his own courtroom try and determine any case or proceeding pending in any of the other courts without having the case transferred, or may sit in any of the other courts and hear and determine any case or proceeding pending in one of those courts. Each judgment and order shall be entered in the minutes of the court in which the case is pending, and two or more judges may try different cases in the same court at the same time and each may occupy his own courtroom or the room of any other court.

(c) In case of absence, sickness, or disqualification of any of the judges, any other of the judges may hold court for him. Any of the judges may hear and determine any part or question of any case or proceeding pending in any of the courts, and any other of the judges may complete the hearing and render judgment in the case or proceeding. Any of the judges may hear and determine motions, petitions for injunction, applications for appointment of receivers, interventions, pleas of privilege, pleas in abatement, and all dilatory pleas, motions for new trials, and all preliminary matters, questions, and proceedings, and may enter judgment or order on them in the court in which the case or proceeding is pending without transferring the case or proceeding. The *judge in whose court the matter is pending may proceed to hear, complete, and determine that matter or all or any part of any other matter and render a final judgment.* Any of the judges of the courts may issue restraining orders and injunctions returnable to any of the other courts.

(d) This section does not limit the powers of the judge when acting for any other judge by exchange of benches or otherwise.

(Emphasis added.)

▇ The statute provides that in a county with two or more district courts, it is not necessary that a formal order be en-

5. TEX GOV'T CODE ANN. § 24.303 (Vernon 1988).

tered for the judge of one district court to preside over a case in place of a duly elected judge, nor is it necessary for the docket sheet or minutes to show the reason for the exchange of benches by district judges. *Davila v. State,* 651 S.W.2d 797, 799 (Tex.Crim.App. [Panel Op.] 1983) (citing *Pendleton v. State,* 434 S.W.2d 694 (Tex.Crim.App.1968)).

■ The italicized language in the statute empowers the elected or sitting judge in whose court the matter is pending to hear and complete matters in which other judges may have heard preliminary motions under the statute. This authority includes the rendering of final judgment.[6]

For the reasons set forth in this opinion, we found it necessary that one of the judges participating in the trial of this case sign the judgment in this case. Upon remand, the judgment in this case was properly signed by Judge Paul Banner in accordance with our opinion.

The judgment is hereby affirmed.

**Dissenting Opinion by Chief Justice CORNELIUS.**

CORNELIUS, C.J., dissenting.

I respectfully disagree with the majority's holding that it is error for a judge, under the Court Administration Act's transfer of cases provision, to sign a judgment when he has not participated in the trial of the case. The holding of the majority in this regard goes against the explicit provisions of TEX. GOV'T CODE ANN. § 24.303 (Vernon 1988) and § 74.094(a) (Vernon 1998), as well as the *intent of the* Legislature in enacting the Court Administration Act. That intent was to allow the judges to exchange benches and to hold court and sign documents for each other when they deem it expedient. The statute

in effect "makes the judge of each district court the judge of any other district court in the county." *De Zavala v. Scanlan,* 65 S.W.2d 489, 494 (Tex. Comm'n App.1933, judgm't adopted); *Gholson v. Thorn,* 597 S.W.2d 568 (Tex.Civ.App.-Dallas 1980, no writ). To interpret these statutes as prohibiting a judge who did not try the case from signing a judgment pursuant to the transfer statute would put in question the validity of countless judgments that have been signed in the past in reliance on the statutes and on the holding of the court in *Gholson v. Thorn, supra.*

Section 74.094(a) of the Government Code explicitly provides that:

A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.

We should not undermine the validity and reliability of the judgments of our courts by disregarding the plain language of the Court Administration Act.

---

6. Judge Ben Z. Grant interprets this statute to contemplate that the final judgment would be rendered by the elected or sitting judge when that judge has heard all or part of the case. Judge Donald R. Ross suggests that this statute might allow the elected judge or sitting judge to enter final judgment even though that judge has not heard the case or any part thereof. However, this is not applicable in the present case, because the elected or sitting judge did not sign the final judgment, and any statements we may make on this matter would be dicta.