**James Wesley EUBANKS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00289–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 27, 1999.

Decided Oct. 28, 1999.

Robert D. Bennett, Gilmer, for appellant.

Tim Cone, Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

James Eubanks appeals from the revocation of his community supervision. He originally pleaded guilty to delivery of marihuana and was placed on community supervision on April 28, 1992. His community supervision was revoked on September 23, 1998, and he was sentenced to five years' imprisonment, with 252 days of jail time credited against his sentence.

Eubanks contends on appeal that the revocation order should be reversed because he did not have counsel during the time for preparation of a motion for new trial, because the district judge who signed the revocation order did not conduct the hearing on revocation, and because the length of time he spent incarcerated beyond the maximum 180 days a judge may impose as a condition of probation acted as a quasi-revocation of his community supervision, so he has fully served his time.

Mike Martin was appointed on July 15, 1998, to represent Eubanks in the revocation proceeding. Robert Bennett was appointed on November 4, 1998, to represent Eubanks in his appeal. A person accused of a crime has a right to assistance of counsel for his defense. U.S. CONST. amend. VI; see also TEX.CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp.1999); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Because revocation of probation is a criminal prosecution for purposes of the right to counsel, a defendant on community supervision is entitled to the assistance of retained or appointed counsel at a revocation hearing unless he has affirmatively waived that right. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (Vernon Supp.1999); Parker v. State, 545 S.W.2d 151, 155 (Tex.Crim.App.1977); Robertson v. State, 934 S.W.2d 861, 866 (Tex.App.-Houston [14th Dist.] 1996, no pet.).

Eubanks was represented by counsel at the revocation hearing. He contends that, subsequent to the hearing, he was denied his constitutional right to assistance of counsel to prepare and pursue a motion for new trial. Eubanks has cited us to no authority holding that such a right exists during that phase of a criminal proceeding. Indeed, the Court of Criminal Appeals has held that since a probation revocation proceeding is tried before the court without the intervention of a jury, the trial court is not required to consider a motion for new trial. Glaze v. State, 675 S.W.2d 768, 769 (Tex.Crim.App.1984); Ochoa v. State, 536 S.W.2d 233, 234 (Tex.Crim.App.1976); Kinnard v. State, 767 S.W.2d 916, 917 (Tex.App.-Fort Worth 1989, pet. ref'd).

Even so, the record before us does not reflect that counsel at the revocation hearing, Tim Martin, was permitted to with-

draw before the time for filing a motion for new trial expired. Accordingly, even if counsel is constitutionally required during this time frame, the record does not reflect that Eubanks was without counsel.

■ Eubanks next contends that the judgment is void because it was signed by the Honorable Lauren Parish, the regularly elected judge of the court, rather than the judge who actually heard the motion to revoke and rendered judgment. This general issue has been considered by this Court on two recent occasions. In *Sparkman v. State*, 997 S.W.2d 660 (Tex.App.-Texarkana 1999, no pet.), we reviewed the statutes authorizing the use of visiting judges and retired judges, and concluded that the elected judge of the trial court may properly sign the written judgment, pursuant to Article 42.01 of the Code of Criminal Procedure, even where a visiting judge, properly assigned to the case, presided over the trial and orally pronounced judgment in open court. We nevertheless remanded the case so that the judgment could be signed by the judge who heard the case, because Judge Dunn, the elected judge, had recused himself and thus should have taken no further action in the case.

In *Sharkey v. State*, 994 S.W.2d 417 (Tex.App.-Texarkana 1999, no pet.), we addressed a complicated situation involving the transfer of benches by judges. In that case, four different visiting judges were involved in the proceeding, and the visiting judge who actually signed the judgment had not heard any part of the proceeding. We concluded that it was necessary for one of the judges who participated in the trial to sign the judgment.

We noted in a footnote, however, that there was a division between the justices on this Court on the question of whether the duly elected judge could sign the judgment even if he had not heard any part of the case. That question, which was not before us in *Sharkey*, is now directly presented to us for decision.

We discussed these questions in detail in *Sparkman*, and we will not reiterate our reasoning here. For the reasons stated in that opinion, we conclude that the elected judge of the court could sign the judgment, even though she had no other relationship with the case, and even though a visiting judge pronounced the judgment in open court.

■ Eubanks next contends that the court erred in sentencing him to prison because the time he had previously spent incarcerated exceeded 180 days. In his brief argument under this point, he argues that because he spent more time in the Upshur County jail than the court may impose as a condition of probation, his probation was actually (although not formally) revoked and he was in effect sentenced to and has served his time-the additional twenty-three days which he states is reflected by the record. Therefore, he argues, to require him to serve any additional time would constitute double jeopardy and is impermissible. Eubanks has cited no authority for this position, and he has not provided argument sufficient to persuade us that his position is a proper one under current law.

The judgment is affirmed.

Concurring Opinion by Justice GRANT.

BEN Z. GRANT, Justice, concurring.

No language in the act says that a judge who has not heard all or a part of a case may render judgment on the case. For the reasons set forth in *Sharkey v. Texas*, 994 S.W.2d 417 (Tex.App.-Texarkana 1999, no pet.), I disagree on affirming this judgment without it being signed by the judge who actually tried the case or heard a portion thereof.

I respectfully concur.