11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Donald Terrell Banks

Appellant

Vs.                   No.
11-03-00011-CR B Appeal from Dallas County

State of Texas

Appellee

 

Pursuant
to a negotiated plea agreement, Donald Terrell Banks pleaded guilty to
aggravated assault.  The trial court
found appellant guilty and assessed his punishment at imprisonment for two
years.  Appellant appeals, alleging a
jurisdictional defect.  We affirm.

Appellant
was indicted in Cause No. F-0175591 for the aggravated assault of Steve Young
which occurred on or about September 14, 2001. 
The indictment shows that it was returned to the A203rd Judicial District Court@ of Dallas County.  Appellant pleaded guilty to the indictment in ACriminal District Court No. 2@ of Dallas County.  Appellant argues that Criminal District Court No. 2 never
acquired jurisdiction over him because his indictment was not returned to
Criminal District Court No. 2 and because no transfer order was ever entered
transferring the case to Criminal District Court No. 2.  We have been provided with a supplemental
clerk=s record which contains the minutes of the
Grand Jury showing that the indictment in Cause No. F-0175591 was presented and
delivered to the A194th
Judicial District Court@ and not to the 203rd Judicial District Court.  Furthermore, the supplemental clerk=s record contains a transfer order
transferring Cause No. F-0175591 (appellant=s aggravated assault case) from the 194th Judicial District Court to
Criminal District Court 2 for trial and final adjudication.  The minutes of Criminal District Court No. 2
show that appellant=s
aggravated assault case (No. F-0175591) was received by Criminal District Court
No. 2 for trial and final adjudication. 
Therefore, the minutes of the 194th District Court and Criminal District
Court No. 2 clearly show that a transfer order transferring Cause No. F-0175591
was entered.








The fact
that the indictment listed the 203rd Judicial District Court appears to have
been a clerical error.  Even if the
indictment was returned to the 203rd Judicial District Court and there was no
transfer order from that court to Criminal District Court No. 2, appellant
would have waived his right to complain. 
The alleged defect would have been a defect in the form of the
indictment, and appellant failed to object. 
See Rodriguez v. State, 899 S.W.2d 658, 663-64 (Tex.Cr.App.), cert.
den=d, 516 U.S. 946 (1995). 
Furthermore, by failing to object at the trial court that a transfer
order did not appear in the record, appellant waived his right to
complain.  See Sharkey v. State, 994
S.W.2d 417, 419 (Tex.App. - Texarkana 1999, no pet=n); Garcia v. State, 901 S.W.2d 731, 732
(Tex.App. - Houston [14th Dist.] 1995, pet=n ref=d); Mills v. State, 742 S.W.2d 831, 835
(Tex.App. - Dallas 1987, no pet=n).  Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

August 7, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.