Opinion filed November 16, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00127-CR 

                                                     __________

 

                         CORNELIUS
LEJOHN ROBINSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 204th District Court

 

                                                          Dallas County, Texas

 

                                            Trial
Court Cause No. F-0455480-TQ

 



 

                                                                   O
P I N I O N

 

Cornelius Lejohn Robinson appeals his conviction
by a jury of the offense of aggravated robbery. 
The jury, finding two enhancement paragraphs to be true, assessed his
punishment at thirty-five years in the Texas Department of Criminal Justice,
Institutional Division.  Robinson asserts
in two issues that his conviction is void because the trial court never
acquired jurisdiction of the case and that the trial court erred by refusing
his request for a charge on the lesser included offenses of simple robbery and
theft.  We affirm.








Robinson contends in issue one that his conviction
is void because the trial court never acquired jurisdiction because the
indictment was returned to the 283rd District
Court of
Dallas County
but he was convicted in the 204th District
 Court of
 Dallas County.  The record does not contain an order of
transfer of his case from the 283rd District Court to the 204th District
Court.                The absence of a transfer order in a record does not
invalidate a judgment in a case in which the indictment was returned in a court
other than the one in which the trial was conducted.  Lemasurier v. State, 91 S.W.3d 897,
899 (Tex. App.CFort
Worth 2002, pet. ref=d).  The fact that no transfer order is contained
in the record does not render the action of the transferee court void but
merely makes it subject to a valid and timely plea to the court=s jurisdiction.  Id.;
Sharkey v. State, 994 S.W.2d 417, 419 (Tex. App.CTexarkana
1999, no pet.); Garcia v. State, 901 S.W.2d 731, 732-33 (Tex. App.CHouston [14th Dist.] 1995, pet. ref=d). 
If a defendant does not file a timely plea to the jurisdiction, he or
she waives any right to complain that a transfer order does not appear in the
record.  Lemasurier, 91 S.W.3d at
899-900; Sharkey, 994 S.W.2d at 419. 
Robinson did not file a plea to the jurisdiction in the trial court and
has waived any error with respect to the lack of a transfer order.  Lemasurier, 91 S.W.3d at 900.

Robinson relies on the cases of Lackey v. State,
574 S.W.2d 97, 100 (Tex. Crim. App. 1978); McAffee v. State, 363 S.W.2d
941 (Tex. Crim. App. 1963); Miller v. State, 909 S.W.2d 586 (Tex. App.CAustin 1995, no pet.); Thomas v.
State, 751 S.W.2d 601, 602 n.3 (Tex. App.CTexarkana
1988, pet. ref=d); and Whitehead
v. State, 710 S.W.2d 645, 653 (Tex. App.CBeaumont
1986), rev=d
on other grounds, 745 S.W.2d 374 (Tex. Crim. App. 1988).  We have examined all of these cases and find
that they are distinguishable because none involves a valid charging instrument
and an absence of an order of transfer in the record.  We overrule issue one.








Robinson urges in issue two that the trial court
erred by denying his request for a charge on the lesser included offenses of
simple robbery and theft.  It is
undisputed that robbery and theft are lesser included offenses of aggravated
robbery.  Bignall v. State, 887
S.W.2d 21, 24 (Tex. Crim. App. 1994); Little v. State, 659 S.W.2d 425,
426 (Tex. Crim. App. 1983).  In
determining if a defendant is entitled to a lesser included offense
instruction, a two-prong test applies: (1) the lesser included offense must be
included within the proof necessary to establish the offense charged, and (2)
some evidence must exist in the record that would permit a jury rationally to
find that, if the defendant is guilty, he is guilty only of the lesser included
offense.  Lofton v. State, 45
S.W.3d 649, 651 (Tex.
Crim. App. 2001).  

Because it is undisputed that theft and robbery
are lesser included offenses of the offense of aggravated robbery, we must only
determine if there is any evidence in the record that would permit a jury
rationally to find that Robinson is guilty only of theft or of simple
robbery.  The indictment alleged that, in
obtaining and maintaining control of the complainant=s
money, Robinson intentionally and knowingly threatened and placed the
complainant in fear of imminent bodily injury and used and exhibited a firearm,
which is a deadly weapon.  If there is
evidence in the record showing that Robinson appropriated the complainant=s property without the complainant=s effective consent but did not
threaten the complainant or place the complainant in fear of imminent bodily
injury and did not use a firearm, then he is entitled to an instruction on the
lesser included offense of theft.  Tex. Pen. Code Ann. ' 31.03(a)(b) (Vernon Supp. 2006).  If there is evidence in the record that
Robinson did threaten the complainant or place the complainant in fear of
imminent bodily injury or death but did not use or exhibit a deadly weapon,
then he is entitled to an instruction on the lesser included offense of
robbery.  Tex. Pen. Code Ann. '
29.02 (Vernon 2003).

The complainant testified that Robinson pulled out
a gun, demanded his money and watch, and subsequently left with his truck.  Robinson contends that a statement given by
Jody Ann Surles, a woman who was with Robinson, supported an instruction on a
lesser included offense because it constituted some evidence that he took the
complainant=s
property without any threat and without any firearm.  The statement to which Robinson refers is
silent as to whether Robinson threatened the complainant or whether Robinson
exhibited a firearm and, therefore, contains no evidence that Robinson did not
threaten the complainant or did not use a firearm.








The only other reference Robinson makes to other
evidence that would support such an instruction is his statement that no other
witness saw any gun, any robbery, or any theft. 
The complainant testified that Robinson took his truck and other
property after threatening him with a firearm. 
He indicated that this occurred after he had agreed to give Robinson and
Surles a ride to go cash a check.  The
other witnesses to which Robinson refers saw the complainant leave voluntarily
with Robinson and Surles or talked with the complainant after the robbery, but
there is no evidence they were present when the robbery occurred.  Therefore, their testimony that they saw no
theft, no robbery, or no gun did not constitute any evidence that Robinson did
not threaten the complainant or that he did not use a firearm in the commission
of the robbery.  There being no evidence
in the record that Robinson did not threaten the complainant or did not use or
exhibit a firearm when taking the complainant=s
property, the trial court did not err by denying Robinson=s request for an instruction on the
lesser included offenses of theft or simple robbery.  We overrule issue two.

The judgment is affirmed.

 

PER CURIAM

 

November 16, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

Strange,
J., and Hill. J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.