

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00239-CR

**WILLIAM FRANKLIN ANDREWS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court No. C40662-CR**

## MEMORANDUM OPINION

William Franklin Andrews was convicted of the felony offense of evading arrest or detention with a vehicle, enhanced, *see* TEX. PENAL CODE § 38.04(b)(2)(A), and sentenced to 37 years in prison. We affirm the trial court's judgment.

Andrews was convicted of a felony offense in the County Court at Law of Navarro County. In Navarro County, a county court at law has jurisdiction concurrently with the district court in felony cases for arraignments, pretrial hearing, and accepting guilty pleas, and in jury trials on assignment from a district judge presiding in the county and accepted by the county court at law judge. TEX. GOV'T CODE § 25.1772(a). In his sole issue on appeal, Andrew contends that because a transfer order signed by the county court at

law judge was not in the record in his case, the trial court had no jurisdiction to convict him, and his conviction is void. We disagree with Andrews.

Regardless of whether or not a transfer order was actually signed by the county court at law judge for this case, when a record does not contain a transfer order, such as in this case, the error is procedural, not jurisdictional. *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd); *Sharkey v. State*, 994 S.W.2d 417, 419 (Tex. App.—Texarkana 1999, no pet.). Thus, the absence of a transfer order in the record does not render the actions of the transferee court void. *Id*. Rather, it merely makes the transferee court's action subject to a timely plea to the jurisdiction. *Id*. If a defendant fails to file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *Id*.; *Garcia v. State*, 901 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd) (citing *Daniels v. State*, 352 S.W.2d 267, 268 (Tex. Crim. App. 1961).

Andrews admits that he did not file a plea to the jurisdiction challenging the jurisdiction of the trial court. Thus, Andrews waived any complaint he may have had regarding the trial court's jurisdiction due to the alleged absence of the transfer order acceptance by the county court at law judge.

Accordingly, Andrews's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed May 30, 2024
Do not publish
[CRPM]

