HOWARD RAY, ET AL, V. STATE

No. 33,298. May 31, 1961
Motion for Rehearing Overruled November 22, 1961

*John J. Fagan,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, *James M. Williamson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellants Max Rudberg and R. N. Leggett were sureties upon the appearance bond of Howard Ray.

The bond, dated September 29, 1959 in the principal sum of $500, was conditioned that the principal appear instanter before the County Criminal Court of Dallas County to answer a misdemeanor charge pending against him .

Judgment nisi was entered on December 11, 1959 upon the failure of the principal to appear.

On November 4, 1960, the cause was dismissed as against the appellant surety R. N. Leggett for lack of service of citation and, after a hearing, the judgment was made final against the principal and the appellant surety Max Rudberg for the full amount of the bond.

From such judgment, the appellant sureties bring this appeal.

Appellant R. N. Leggett, not having been served with citation and not having voluntarily appeared in the cause and no judgment having been rendered against him, is in no position to prosecute the appeal. 3 Tex. Jur. 2nd 471-472, Appeal and Error—Civil, secs. 199 & 202.

Accordingly, the appeal as to appellant Leggett is dismissed.

Appellant Rudberg predicates the appeal upon three points.

By points numbered one and two, appellant insists that the court erred in admitting in evidence the scire facias because it was at variance with the judgment nisi, and, in admitting in evidence the appearance bond because it was not conditioned as provided by Art. 275a, V.A.C.C.P.

Appellant did not object to the instruments for such reasons when offered in evidence, but urged such objections for the first time in his motion for new trial. The objections not having been timely made are not properly before us for review. 3 Tex. Jur. 2nd 390-395, secs. 121-123.

However, an examination of the bond reflects that it contained the requisites prescribed by Art. 273, V.A.C.C.P., and was conditioned that the principal make his personal appearance instanter before the County Criminal Court of Dallas County to answer the charge against him. The fact that the bond did not also bind the principal to appear before the court "for any and all subsequent proceedings had relative to the charge" as provided by Art. 275a, V.A.C.C.P., did not vitiate the bond. Such omission clearly did not make the bond more onerous and would not invalidate the same.

Appellant's point number three is that the court erred in not exercising his discretion and remitting a part of the sum specified in the bond when it appeared that, prior to the date of entry of final judgment on the bond, the principal had been re-arrested at the instance and expense of the sureties and had pleaded guilty to the charge. The record does not show that appellant, prior to rendition of final judgment, filed any pleading requesting the court to exercise his judicial discretion in remitting a part of the bond. While the record reflects that the principal had been tried and convicted of the charge prior to the signing and entry of final judgment, there is no proof that he was re-arrested at the instance and expense of the sureties.

Under the record, we overrule the contention that the court abused his judicial discretion in not granting a remittitur on the bond.

The judgment as to appellant Rudberg is affirmed.

Opinion approved by the Court.