The principal was charged by complaint in the justice court with robbery and required to give bond in the sum of $2,500 for his appearance in the Criminal District Court of Tarrant County. He entered into such appearance bond with Toby Goldsmith and Phil Becker as sureties, conditioned that Daniels make his personal appearance instanter before Criminal District Court of Tarrant County, "and there remain from day to day and from term to term of said court, until discharged by due course of law, then and there to answer said accusation against him", which was properly and duly approved on August 1, 1960.

On February 14, 1961, judgment nisi forfeiting said bond was entered in Criminal District Court No. 2 of Tarrant County when said cause was called for trial and the defendant, Willie Mack Daniels, failed to appear.

Scire facias, the citation, was issued and served on the sureties pursuant to the judgment nisi entered in Criminal District Court No. 2 of Tarrant County.

The judgment final recites that the appellants appeared in person and each announced ready for trial.

■ The appellants contend that a bail bond conditioned for the appearance of the accused before a designated court only, must be forfeited in that court.

Article 52–87a2, Vernon's Ann.C.C.P., provides that the above-named courts shall have and exercise concurrent jurisdiction with each other in all felony cases, and in all matters and proceedings of which the said Criminal District Court of Tarrant County originally had jurisdiction; and either of said judges of said Criminal District Courts may in their discretion, by proper order, transfer any cause that may at any time be pending in his court to the other Criminal District Court.

■ Where there are two or more district courts having concurrent jurisdiction and statutory authority to transfer cases from one to the other, the omission of such order of transfer in the record cannot be complained of by the appellant in the absence of a timely plea to the jurisdiction on that ground. Not being thus raised, the presumption of regularity obtains. Gower v. State, Tex.Cr.App., 332 S.W.2d 328, and McNeal v. State, Tex.Cr.App., 346 S.W.2d 345.

■ The failure of a bail bond to recite that the principal appear "for any and all subsequent proceedings had relative to the charge" in accordance with the provisions of Article 275a, Vernon's Ann.C.C.P., does not, as appellant contends in his supplemental brief, vitiate the bond. Ray et al. v. State, Tex.Cr.App., 350 S.W.2d 653.

The judgment is affirmed.

Opinion approved by the Court.

**James R. WELCH et al., Appellants,**

v.

**STATE of Texas, Appellee.**

No. 33697.

Court of Criminal Appeals of Texas.

Nov. 29, 1961.

Don E. Burdette, Jack Mackin, Toby Goldsmith, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., G. V. M. Minton, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from a final judgment entered against the appellants in a bond forfeiture proceeding.

The disposition hereof is controlled by the decision in Daniels et al. v. State, Tex.Cr.App., No. 33,696, 352 S.W.2d 267, this day decided.

The judgment is affirmed.

Opinion approved by the Court.

Joyce Marie CARR et al., Appellants,

v.

STATE of Texas, Appellee.

No. 33698.

Court of Criminal Appeal of Texas.

Nov. 29, 1961.

Don E. Burdette, Jack Mackin, Toby Goldsmith, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., G. V. M. Minton, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from a final judgment entered against the appellants in a bond forfeiture proceeding.

The disposition hereof is controlled by the decision in Daniels et al. v. State, Tex. Cr.App., 352 S.W.2d 267.

The judgment is affirmed.

Opinion approved by the Court.

Kenneth W. CARR et al., Appellants,

v.

STATE of Texas, Appellee.

No. 33699.

Court of Criminal Appeals of Texas.

Nov. 29, 1961.

Don E. Burdette, Jack Mackin, Toby Goldsmith, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., G. V. M. Minton, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from a final judgment entered against the appellants in a bond forfeiture proceeding.

The disposition hereof is controlled by the decision in Daniels et al. v. State, Tex. Cr.App., No. 33,696, 352 S.W.2d 267, this day decided.

The judgment is affirmed.

Opinion approved by the Court.