Dion Alexander **GARCIA**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 14–93–00606–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 1, 1995.

Discretionary Review Refused
Sept. 13, 1995.

Peter Adams, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

**732**

Before YATES, FOWLER and CANNON *, JJ.

## OPINION

FOWLER, Justice.

Appellant entered a plea of guilty before the court to the offense of unlawfully carrying a handgun. TEX.PENAL CODE ANN. § 46.02 (Vernon 1989).[1] The court assessed punishment at 4 days in jail and a $250 fine. Appellant asserts the trial court lacked jurisdiction to render judgment. We affirm because appellant waived his right to contest jurisdiction.

The information against appellant was filed originally in County Criminal Court at Law No. 11. At some point, the case was transferred to County Criminal Court at Law No. 7 (Court No. 7), although no transfer order appears in the record. Appellant entered a guilty plea before the judge in Court No. 7 on May 25, 1993. On June 17, 1993, appellant filed an application for a writ of habeas corpus and a Motion to Withdraw Plea, contending in both that the trial court lacked jurisdiction over him. The judge denied appellant's motion, refused to file a writ, and entered judgment against appellant on June 25, 1993. On appeal, appellant again alleges the trial court lacked jurisdiction to render judgment.

The Harris County Criminal Courts at Law are created by statute, see TEX. GOV'T CODE ANN. § 25.1031(b) (Vernon Supp.1995), and have exclusive original jurisdiction over misdemeanors and cases in which the highest fine that may be imposed is $500 or less. TEX. GOV'T CODE ANN. § 26.045(a) (Vernon Supp.1995). Judges of statutory county courts may transfer cases to and from their respective dockets, so long as the transferred case is within the jurisdiction of the court to

which it is transferred. TEX. GOV'T CODE ANN. § 74.121(a) (Vernon Supp.1995).

Appellant claims that the judgment against him is void because the court did not have jurisdiction over him. In claiming the trial court lacked jurisdiction to render judgment against him, appellant relies on article 4.16 of the Texas Code of Criminal Procedure, which provides in pertinent part: "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or complaint shall first be filed shall retain jurisdiction...." TEX.CODE CRIM.PROC.ANN. art. 4.16 (Vernon 1977). The purpose of article 4.16 is to "prevent any confusion or contention between different courts having concurrent jurisdiction and each seeking to exercise jurisdiction and *not to shield an accused from prosecution.*" *Flores v. State,* 487 S.W.2d 122, 125 (Tex.Crim.App.1972) (emphasis added). The statute does not render proceedings in the second court void.[2] *Id.* Even if there is a mandatory priority of jurisdiction under article 4.16, such jurisdiction may be waived in favor of a second court with proper jurisdiction. *Garber v. State,* 667 S.W.2d 611, 613 (Tex.App.—El Paso 1984, no pet.). *See also Flores,* 487 S.W.2d at 125.

Clearly, both Court No. 7 and Court No. 11 had subject matter jurisdiction over appellant's case. TEX. GOV'T CODE ANN. § 26.045(a) (Vernon Supp.1995). However, generally, a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred, and each order *shall* be entered in the records of the court in which the case is pending. TEX. GOV'T CODE ANN. § 74.121(a) (Vernon Supp.1995) (emphasis added). The file in this case, as noted above, contains no transfer order, but we note again that this procedural mistake does not render

---

* The Honorable Bill Cannon, retired, sitting by assignment.

1. The Penal Code was revised effective September 1, 1994, after appellant committed the crime. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b). Therefore, reference is to the code in effect on the date of the offense.

2. Appellant cites *Gallagher v. State,* 690 S.W.2d 587, 589 n. 1 (Tex.Crim.App.1985) for the propo-

sition that "judicial action without jurisdiction is void." *Gallagher* involved a county court which entered a judgment for an offense over which the court had no statutory jurisdiction. In such a situation, judicial action is indeed void and the issue may be raised at any time. *Id.* at 588. That is not the situation we have here, as both Court No. 7 and Court No. 11 had jurisdiction over the type of offense appellant was accused of committing.

the actions of Court No. 7 void, it merely makes them subject to a valid and timely plea to the court's jurisdiction. If a defendant does not file a *timely* plea to the jurisdiction, he waives any chance to complain that a transfer order does not appear in the record. *Daniels v. State*, 171 Tex.Crim. 596, 352 S.W.2d 267, 268 (1961) (emphasis added). *See also Mills v. State*, 742 S.W.2d 831, 835 (Tex.App.—Dallas 1987, no pet.).

 Here, appellant appeared before the judge in Court No. 7 and entered a guilty plea. Not until twenty-three days later did he make any claim that the court lacked jurisdiction. Even if we can construe appellant's pleadings as "formal pleas to the jurisdiction," *see Mills*, 742 S.W.2d at 835, they were untimely because by the time they were filed, appellant had already appeared and submitted to the court's jurisdiction.[3] *See Daniels*, 352 S.W.2d at 268. Appellant's point of error is overruled and the judgment of the trial court is AFFIRMED.

---

**3.** In the other cases involving this question of making a timely plea to the jurisdiction, the jurisdictional complaint was made for the first time on appeal. *See, e.g., Mills*, 742 S.W.2d at 835; *Conner v. State*, 725 S.W.2d 454, 456 (Tex. App.—Beaumont 1987, no pet.). The difference is irrelevant because even though he raised the objection in the trial court, appellant did so only after he had already submitted to the court's general jurisdiction.