NUMBER 13-00-159-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PERRY EAKLES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 265th District Court


of Dallas County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 A jury convicted appellant, Perry Eakles, of possession with the
intent to deliver cocaine. He was sentenced to twenty-five years in
prison. We affirm.

 On May 13, 1999, police were doing surveillance on an apartment
complex. Officer Rudloff saw a person doing several drug transactions,
and he saw appellant acting as a lookout and swinging a white sock in
a circular motion. When appellant saw the police he ran behind the
complex. Officer Mata caught him leaning into a van with the door
open. Appellant was holding the sock and dropped it on Mata's
command. Mata grabbed the sock from the van's floorboard. Forensic
analysis showed that the sock contained 5.9 grams of cocaine.

 Appellant's witness, Leroy Walls, testified that he was at the
complex on the day in question selling drugs. He did not see appellant
swinging a white sock. Appellant's mother testified that appellant was
at her apartment watching cartoons at the time in question.

I. Factual Sufficiency


 By issue one appellant challenges the factual sufficiency of the
evidence to prove that he possessed the cocaine. When reviewing the
factual sufficiency of the evidence we apply the test set forth in Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). To establish
unlawful possession of a controlled substance the State must prove
beyond a reasonable doubt that the defendant exercised care, custody,
control, and management over the substance, knowing it was
contraband. Tex. Health & Safety Code Ann. § 481.112(f) (Vernon
Supp. 2001); King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995). To prove knowing possession the State must present evidence
that affirmatively links the defendant to the controlled substance. 
Harmond v. State, 960 S.W.2d 404, 406 (Tex. App.--Houston [1st Dist.]
1998, no pet.).

 Officer Rudloff saw appellant swinging the sock. When appellant
saw the police he ran behind the complex. Officer Mata saw appellant
holding the sock containing the cocaine in his hand. He dropped the
sock, and Mata retrieved it from the van. This evidence shows that
appellant exercised care, custody, control, and management over the
substance, knowing it was contraband. See Harmond, 960 S.W.2d at
406. We hold that the verdict is not so against the great weight of the
evidence that it is clearly unjust. We conclude that factually sufficient
evidence supports the verdict. Accordingly we overrule the first issue.

II. Punishment Phase


 By issue two appellant asserts that the trial court erred in
admitting the results of a drug-analysis test without authentication by
the chemist who performed the test. During the punishment phase the
State sought to prove that appellant had committed an extraneous
offense.(1) Officer McDonald testified that he saw appellant standing
under a stairwell and drop a clear baggie that looked like it contained
cocaine. McDonald arrested him and retrieved the baggie.

 The substance was tested at the Dallas County Forensic
Laboratory (DCFL). The State offered State's Exhibit three, the baggie,
and State's Exhibit four, the lab analysis report. The sponsoring
witness for these exhibits was John Lomonte, a DCFL chemist and
supervisor. The lab analysis had actually been performed and the report
prepared by Tamara Howard, a chemist working under Lomonte's
supervision. She did not testify. Lomonte did not see Howard perform
the test; however, he reviewed all her records which showed what was
done on the case. His testimony was that the records showed that the
tests were done properly and that all of DCFL's procedures were
followed. He testified that exhibit 4 is a true and accurate copy of the
lab report generated by Howard when she tested the contraband. 
Lomonte signed the lab report after reviewing the records that she
produced and determining that they were scientifically accurate and
complete. He said that DCFL is an independent lab set up by the Dallas
County Commissioners Court. The lab is not part of the district
attorneys office, sheriff's office, or any police agency. The lab worked
on a fee-per-services basis, and anyone could use the lab. Individuals
other than law enforcement personnel used the lab.

 When the State offered the exhibits into evidence appellant
objected on the basis of hearsay. The court overruled the objection and
admitted the exhibits. Lomonte testified that the substance was
cocaine weighing 1.37 grams.

Analysis


 Appellant relies on Cole v. State, 839 S.W.2d 798 (Tex. Crim. App.
1992) in support of his argument that the lab report is inadmissible
hearsay. In Cole the State sought to introduce hearsay statements
contained in lab reports prepared by a non-testifying DPS chemist. The
State tendered the reports under Rule 803(8)(B), the public records
exception to the hearsay rule. A supervising chemist at the same DPS
lab was allowed to testify, over the accused's hearsay objection, about
the tests conducted and the results of the tests shown in the reports. 
The Cole court determined whether the DPS chemists were considered
"other law enforcement personnel" under Rule 803(8)(B), which states:

 Records, reports, statements, or data compilations, in any
form, of public offices or agencies setting forth . . . (B)
matters observed pursuant to duty imposed by law as to
which matters there was a duty to report, excluding,
however, matters observed by police officers and other law
enforcement personnel. . . .


Tex. R. Crim. Evid. 803(8)(B) (emphasis added). To resolve the issue the
court used a two-prong test: (1) whether the reports were objective,
routine, scientific determinations of an unambiguous factual nature
prepared by officials with no inherent motivation to distort the results;
and, (2) the adversarial context in which the relevant tests were
conducted. Id. at 838-39. The court concluded that the DPS laboratory
was "a uniquely litigious and prosecution-oriented environment," and,
therefore, the DPS chemists were "other law enforcement personnel." 
Id. at 809-10. Thus the reports were not admissible under Rule
803(8)(B).

 In Caw v. State, 851 S.W.2d 322 (Tex. App.--El Paso), pet. ref'd,
864 S.W.2d 546 (Tex. Crim. App. 1993) the State offered into evidence
two drug-analysis reports prepared by the DCFL, the same lab used in
the case now before us. The sponsoring witness was John Lomonte
who had supervised the chemist who had performed the test on the
contraband and prepared the reports at issue. This chemist did not
testify. Counsel objected to the reports, arguing that they were hearsay
absent sponsorship by the person who performed the tests. The trial
court admitted the reports. The Caw court stated that the issue before
it was whether the DCFL chemists were "law enforcement personnel"
under Rule 803(8)(B), or whether they were sufficiently removed from
the law enforcement process that either the public records or business
records exceptions to the hearsay rule allowed admission of the
evidence. The Caw court held that

 the chemists employed by the Dallas County Forensic
Laboratory are not "law enforcement personnel" within the
meaning of Tex. R. Crim. Evid. 803(8)(B) and Cole. The lab
functions independently from any law enforcement body,
and its services are available to any person, public or private,
corporate or individual, who wishes to pay the lab fees. The
chemical analyses are routine procedures, done for
whomever requests them. This status, we hold,
distinguishes the lab here from the DPS lab in Cole. The
Dallas County lab is not the inherently adversarial, litigious
and prosecution-oriented environment characterized in Cole. 
It is an autonomous agency, and we hold that the results of
its testing need not be viewed with the same caution
reserved for law enforcement agencies.


Caw, 851 S.W.2d at 324. The court concluded that the lab reports
were admissible under Rule 803(8)(B). Id.

 In the instant case the State elicited essentially the same evidence
as that in Caw, showing that the chemists at the DCFL were not "law
enforcement personnel" for purposes of Rule 803(8)(B). Accordingly the
test results sponsored by the supervising chemist, John Lomonte, who
did not actually perform the tests were admissible under Rule 803(8)(B). 
We hold that the trial court did not err by admitting State's exhibits
three and four into evidence. We overrule issue two.

III. Jurisdiction


 By his third issue appellant asserts that the trial court lacked
jurisdiction over this case because the case was not properly transferred
to the trial court's docket. The indictment was filed in the 282nd
District Court, and the case was transferred to the 265th District Court
where it was tried. The record does not include an order transferring
the case.

 Article 4.16 of the Texas Code of Criminal Procedure states that
"When two or more courts have concurrent jurisdiction of any criminal
offense, the court in which an indictment or complaint shall first be filed
shall retain jurisdiction. . . ." Tex. Code Crim. Proc. Ann. art. 4.16
(Vernon 1977). The statute does not render proceedings in the second
court void. Garcia v. State, 901 S.W.2d 731, 732 (Tex. App.--Houston
[14th Dist.] 1995, pet. ref'd). In the instant case both the 282nd and
the 265th District Courts had subject matter jurisdiction over appellant's
case. Tex. Gov't Code Ann. § 26.045(a) (Vernon Supp. 2001). Generally
a case may not be transferred from one court to another without the
consent of the judge of the court to which it is transferred, and each
order shall be entered in the records of the court in which the case is
pending. Tex. Gov't Code Ann. § 74.121(a) (Vernon Supp. 2001); Garcia,
901 S.W.2d at 732. However the failure of the record to include a
transfer order does not render the actions of the 265th District Court
void; it merely makes them subject to a valid and timely plea to the
court's jurisdiction. Garcia, 901 S.W.2d at 733-34. If a defendant does
not file a timely plea to the jurisdiction he waives any chance to
complain that a transfer order does not appear in the record. Daniels v.
State, 352 S.W.2d 267, 268 (Tex. Crim. App. 1961); Garcia, 901
S.W.2d 733. Because appellant did not file a plea to the jurisdiction he
waived any chance to complain that a transfer order does not appear in
the record. Id. We overrule the third issue.

 We AFFIRM the judgment. 


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 19th day of April, 2001.

1. Article 37.07, § 3(a) of the Code of Criminal Procedure provides
that evidence may be offered by the State about any matter the court
deems relevant to sentencing, including evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act. Tex. Code Crim.
Proc. Ann. § 3(a) (Vernon Supp. 2001).