# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00634-CR

**John Martin Blades, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CR01101, HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Martin Blades, Jr. appeals his conviction of fifteen years' imprisonment for aggravated sexual assault of a disabled individual. In two issues, Blades contends that: (1) the 33rd District Court lacked jurisdiction because the case was not properly transferred to its docket from the 424th District Court, and (2) because he was not provided notice of the transfer, the 33rd District Court infringed upon his right to timely present a plea to the jurisdiction and violated his constitutional right to due process. We will affirm the district court's judgment of conviction.

## BACKGROUND

Blades was indicted by a grand jury of the 424th District Court of Blanco County, Texas on August 9, 2012 for aggravated sexual assault of a disabled individual, and the case was assigned cause number CR01101. *See* Tex. Penal Code § 22.021. The case was then filed in the 424th District Court and placed on the court's docket. For almost a year after the filing of this

indictment, all filed pleadings listed the 424th District Court in the caption and all orders were signed by the presiding judge of that court, Judge Dan Mills.

In January 2013, Judge Mills and Judge J. Allan Garrett, the newly elected judge of the 33rd District Court, signed an administrative order allocating the filing of all Blanco County cases to the 33rd District Court. *See* Tex. Gov't Code § 24.003 (allowing judges in counties with two or more district courts to transfer cases to, and exchange benches with, another district court in county). The administrative order clarified that "[n]otwithstanding the court of filing, the courts continue to have concurrent jurisdiction and automatic bench exchange as deemed necessary or appropriate by the judges." The order also stated that all cases docketed in a court other than the one specified in the order "are **hereby transferred** to the correct Court" and that the captions of the affected cases "shall be modified in all future filings to reflect the 424th Judicial District & 33rd Judicial District without the necessity of separate orders" (Emphasis in original.). The district clerk was directed to post a copy of this transfer order in a prominent place in the clerk's office.

In accordance with the administrative order, in January 2013 Judge Garrett began presiding in Blades's Blanco County case. And as of September 2013, every pleading Blades filed in this cause identified the case as pending before the 33rd District Court. On June 11, 2014, the Presiding Judge for the Third Administrative Region assigned Judge Doug Shaver, Senior Judge of the 262nd District Court, to the 33rd District Court to preside over Blades's case. *See id*. § 74.056 (providing for assignment of judges to try cases and dispose of accumulated business). The district clerk was directed to post a copy of this judicial-assignment order in a public area of the clerk's office or courthouse. Blades's case proceeded to trial. The jury for the 33rd District Court

2

convicted Blades and assessed his punishment at fifteen years' imprisonment. The caption of the court's charge and the jury's verdict form list the 33rd District Court. Judge Shaver signed the judgment of conviction, which lists the 424th District Court in the caption. After the judgment, Blades filed a motion for new trial and a notice of appeal listing the 33rd District Court in the caption.

## DISCUSSION

In two issues on appeal, Blades contends that the 33rd District Court never acquired proper jurisdiction over this case because there was no valid transfer from the 424th District Court to the 33rd District Court. He further contends that without a transfer order in his case, he had no notice of the transfer of his case from the 424th District Court to the 33rd District Court, and thus his rights to raise a timely plea to the jurisdiction and to constitutional due process were violated.

The jurisdictional power of district courts is set forth in the Texas Constitution and statutes. *See* Tex. Const. art. V, § 8; Tex. Gov't Code § 24.007. The Constitution permits district judges to exchange districts or hold court for each other when they deem it expedient, Tex. Const. art. V, § 11, and the Government Code similarly allows judges in counties with two or more district courts to transfer cases to, and exchange benches with, another district court in the county, Tex. Gov't Code § 24.003. The 33rd District Court has jurisdiction over the counties of Llano, Burnet, Blanco, and San Saba, and the 424th District Court has jurisdiction over the same four counties. Tex. Gov't Code §§ 24.135, .568(b). In judicial districts such as the 33rd and the 424th that are composed of more than one county, a district judge who is assigned to another district court may hear, determine, and enter judgments in cases that were tried by the assigned judge:

3

> A district judge who is assigned to preside in a court of another judicial district or is presiding in exchange or at the request of the regular judge of the court may, in the manner provided by this section for the regular judge, hear, determine and enter the orders, judgments, and decrees in a case that is pending for trial or has been tried before the visiting judge.

*See id*. § 24.017(d). And the validity of a judgment issued by an assigned judge does not hinge on whether the case was transferred because the assigned judge is authorized to sign a judgment "regardless of whether the case is transferred," and its judgment "is valid and binding":

> A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.

*Id*. § 74.094(a).

Even if, as Blades contends, there should have been an order *in his case* transferring it from one district court to another, the absence of that transfer order would not affect the validity of his conviction.[1] Blades correctly notes that when two or more courts have concurrent jurisdiction over any criminal offense, article 4.16 of the Code of Criminal Procedure specifies that the court where the indictment or complaint was first filed retains jurisdiction unless it is transferred to

---

[1] Blades's argument that he "was not provided notice of any agreement between the two courts that the instant case was being transferred" does not address the judges' blanket administrative order allocating the filing of all Blanco County cases to the 33rd District Court, transferring cases to the district courts as specified in the order, requiring captions of the affected cases to be modified in all future filings without the necessity of separate orders, and directing the district clerk to post the order in a prominent place in the clerk's office.

another court.  *See* Tex. Code Crim. Proc. art. 4.16.  However, the Texas Court of Criminal Appeals has held that the purpose of article 4.16 is to prevent confusion or contention between courts having concurrent jurisdiction and seeking to exercise jurisdiction, not to shield an accused from prosecution.  *Flores v. State*, 487 S.W.2d 122, 125 (Tex. Crim. App. 1972).  Article 4.16 does not render proceedings in the second court void.  *Id.*; *Garcia v. State*, 901 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

An objection about the absence of a transfer order may be raised in a timely plea to the jurisdiction.  *See Garcia*, 901 S.W.2d at 733.  If a defendant fails to file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record.  *Id.* (citing *Daniels v. State*, 352 S.W.2d 267, 268 (Tex. Crim. App. 1961) ("Where there are two or more district courts having concurrent jurisdiction and statutory authority to transfer cases from one to the other, the omission of such order of transfer in the record cannot be complained of by the appellant in the absence of a timely plea to the jurisdiction on that ground.")).

Blades contends that his failure to file a plea to the jurisdiction is excused because without a transfer order in his case, he had no notice of his case being transferred from the 424th District Court to the 33rd District Court.  His argument is similar to one considered and rejected in *Garcia v. State*, in which appellant contended that his conviction was void because there was no order in his file transferring his case from one county court at law to another.  *See* 901 S.W.2d at 732-33.  Like Blades, Garcia argued that under article 4.16 of the Code of Criminal Procedure, the trial court lacked jurisdiction to render judgment against him and that his case should have remained in the court where his charging instrument was first filed.  *See id.*  However, the appellate court concluded that both trial courts had jurisdiction to hear Garcia's case and that

Garcia waived his complaint about the lack of a transfer order by failing to file a timely plea to the jurisdiction. *Id*.

Similarly here, both the 33rd and 424th District Courts had jurisdiction to hear Blades's case. Further, for almost a year before trial every pleading that Blades filed listed the 33rd District Court instead of the 424th, indicating his actual awareness of that change (first evidenced when newly-elected Judge Garrett began presiding over pretrial matters in the case), but he did not object to having his case tried in the 33rd District Court. We conclude that the 33rd District Court of Blanco County acquired proper jurisdiction over Blades's case and that his failure to file a plea to the jurisdiction waived his complaint about the lack of a transfer order in his case. We therefore overrule Blades's two appellate issues.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: August 12, 2015

Do Not Publish

6