**AFFIRM; and Opinion Filed November 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14–00596-CR**

**No. 05-14-00597-CR**

**MICKEY ODELL GERALD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-72502-V and F07-72503-V**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown and Schenck
Opinion by Justice Schenck

In a trial based on two indictments, one for sexual assault of a child, the other for aggravated sexual assault of a child, to which appellant Mickey Odell Gerald pleaded no contest, the trial court found appellant guilty of sexual assault and deferred adjudication of the aggravated sexual assault count.[1] The court assessed punishment at six-years' confinement on the sexual assault count and placed appellant on community supervision for ten years on the deferred count. On appeal, appellant challenges the sufficiency of the evidence to support a finding that the alleged offenses occurred and argues the trial court lacked jurisdiction. Because appellant consented to the trial court's jurisdiction and the State presented evidence of appellant's guilt, we

---

[1] On appeal, trial court cause no. F07-72503-V (Sexual Assault of a Child) is assigned appellate cause no. 05-14-00596-CR and trial court cause no. F07-72502-V (Aggravated Sexual Assault of a Child) is assigned appellate cause no. 05-14-00597-CR. Appellant addressed the Aggravated Sexual Assault case in appellate cause no. 05-14-00596-CR rather than 05-14-00597-CR and addressed the Sexual Assault of a Child case in appellate cause no. 05-14-00597-CR rather than 05-14-00596-CR. We will treat appellants' briefs as if they addressed the assigned cause.

affirm the trial court's deferred adjudication order and sexual assault conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was the choir director and youth minister at Community First Baptist Church. As such, appellant was often in the company of children. Among them was the victim, S.S., whose family was active in the church. Appellant met S.S. when she was nine years old. He was twenty two years old at the time. Appellant was charged with two counts of sexual assault. One of the assaults allegedly occurred in May 2004, when S.S was eleven years old, the other in June 2007, when S.S. was fourteen years old. The charges against appellant arose after S.S.'s dance teacher became suspicious about the relationship between appellant and S.S. She confronted S.S. about same and S.S. admitted that she had engaged in sex with appellant. The police were then notified, an investigation ensued and charges were brought against appellant.

At the pretrial conference, appellant waived his right to trial by jury and entered a plea of no contest to both charges. The case then proceeded to trial before the court.

At trial, S.S. testified about her relationship with appellant. She explained how she knew appellant and how sometimes he gave her rides and sometimes she went to his house. She explained the events that eventually caused her to tell the authorities about the assaults.

S.S. recalled that in February 2004, during super bowl weekend, she and her friend Brianna, who she knew from Community First Baptist Church, stayed overnight at appellant's house. Appellant's wife and daughters were there as well. During the super bowl game, S.S. fell asleep. She woke to what she perceived to be appellant's hand touching her bottom. She did not say anything and went back to sleep.

A few months later, in May 2004, appellant offered to drive S.S. home from school. At that time he was substitute teaching at S.S.'s elementary school. Rather than go directly to S.S.'s

house, appellant stopped at his apartment first. S.S. went inside the apartment. While there, she used the restroom in appellant's bedroom. When she came out, the bedroom door was closed and locked and appellant was sitting on the bed. S.S. tried to leave but appellant would not let her go. He laid S.S. on the bed, took off her pants and underwear, pushed his pants and underwear down to his ankles, put on a condom, and penetrated S.S.'s vagina with his penis.

A short time thereafter, S.S. and other children attended a pool party at appellant's apartment complex. S.S., her siblings, her friend Brianna and appellant's brother spent the night at appellant's apartment. S.S. woke up with her upper and inner thighs hurting. She recalled seeing the rim of appellant's glasses. She did not know if he penetrated her.

Until this time, S.S. had not told anyone about what happened at appellant's apartment earlier in May because she was scared. After the pool party, S.S. confided in Tanisha, an adult friend. Tanisha told S.S.'s grandmother, with whom S.S. was living, about her conversation with S.S. In August 2004, S.S. went to the Dallas Children's Advocacy Center. During her interview, S.S. did not disclose the fact that appellant had sexually assaulted her because she was scared and did not want to get appellant into trouble.

S.S. and her immediate family then changed churches. S.S. did not see appellant again until her great grandmother's funeral in May 2006. They did not speak at that time.

In 2007, when S.S. was a freshman in high school, appellant began calling her. Appellant brought S.S. lunch a couple of times and gave her money. Sometimes he would give her rides. He drove her to dance practice two times. Nothing occurred the first time. The second time, which was on June 11, 2007, appellant stopped at his house first. While there, S.S. played with appellant's kids and then took a nap in his bedroom. When she woke, appellant took off her pants and underwear, took off his pants, put on a condom, and penetrated her vagina with his penis. He then took S.S. to her dance practice. She arrived an hour late and was not her usual

energetic self. Her dance teacher noticed this. When appellant picked her up, S.S. introduced him to her dance teacher as her cousin. S.S.'s dance teacher sensed something was not right and the inquiry began.

S.S. told Detective Rodriquez the majority of what had happened. She prepared an affidavit for Detective Rodriquez detailing what she recalled. In her affidavit, she reversed the order of the pool party and the first sexual assault. At trial, she clarified the sequence of events. S.S.'s grandmother gave the police the jeans and shorts that S.S. wore on June 11, 2007 and some panties she found in S.S.'s drawer after the pool party in May 2004.

Forensic analysts tested the items and found blood and seminal fluid on the shorts and blood on the panties. The seminal fluid and a buccal swab from appellant were tested and the results indicated appellant could not be excluded as a contributor of the seminal fluid found on the shorts, meaning the seminal fluid could have come from appellant or anyone in his parental lineage, such as his father, grandfather or son.

At the conclusion of trial, the court found the evidence proved appellant's guilt on both charges. On the charge of aggravated sexual assault of a child, the court placed appellant on unadjudicated probation for a period of ten years. On the charge of sexual assault of a child, the court set appellant's punishment at six years' imprisonment. This appeal followed.

### STANDARD OF REVIEW

In this case, appellant waived his right to a jury trial and entered a plea of nolo contendere to both charges. A plea of nolo contendere has the same legal effect as a guilty plea for purposes of the criminal prosecution. TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006); *Fierro v. State*, 437 S.W.2d 833, 834 (Tex. Crim. App. 1969). Where a defendant knowingly, intelligently, and voluntarily pleads no contest to a felony, the appellate standards of review for legal and factual sufficiency do not apply. *See O'Brien v. State,* 154 S.W.3d 908, 910

(Tex. App.—Dallas 2005, no pet.).  The State, however, must introduce evidence into the record establishing the defendant's guilt.  *See* Tex.Code Crim. Proc. Ann. art. 1.15.  But there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt.  *See McGill v. State,* 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.).  Rather, the supporting evidence must simply embrace each essential element of the offense charged.  *Id.*

Our "sufficiency" review on appeal of felony pleas of nolo contendere to the court is confined to determining whether sufficient evidence supports the judgment of guilt under article 1.15 of the Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.15.  Pursuant to article 1.15, we will affirm the trial court's judgment if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant's guilt.  *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.).  Our review of the record to determine whether the State complied with article 1.15 is not a factual sufficiency review.  *McGill*, 200 S.W.3d at 330.

## DISCUSSION

**Aggravated Sexual Assault of a Child Charge - May 2004 Offense**

In his first issue concerning the aggravated sexual assault of a child count, appellant claims that the evidence is insufficient to prove the offense occurred.  This is the count on which the trial court entered an order of deferred adjudication.

Article 44.01(j) of the Texas Code of Criminal Procedure permits defendants to appeal from deferred adjudication community supervision.  TEX. CODE CRIM. PROC. ANN. art. 44.01(j).  A defendant placed on deferred adjudication community supervision may raise issues relating to evidentiary sufficiency.  *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  Therefore, appellant's appeal of the order deferring adjudication on sufficiency grounds is properly before this Court.  As stated above, our "sufficiency" review in this case is limited.  We

–5–

will affirm the trial court's decision to defer adjudication of the aggravated sexual assault charge if the State introduced evidence that embraces every essential element of that offense and that is sufficient to establish the defendant's guilt.

Based on the indictment for aggravated sexual assault, to establish guilt the State had to prove that appellant intentionally and knowingly caused the contact and penetration of S.S.'s female sexual organ by appellant's sexual organ when S.S. was a child younger than fourteen years of age and was not appellant's spouse. *See* TEX. PENAL CODE ANN. 22.011; *Boughton v. State*, No. 05–13–01243–CR, 2015 WL 3456645 at * 2 (Tex. App.—Dallas June 1, 2015, no pet.).

The State proved S.S. was a child younger than fourteen years of age at the time of the alleged May 2004 offense and she was not appellant's spouse.[2] The only remaining element of the offense of aggravated sexual assault that the State had to prove was that appellant intentionally and knowingly cause his penis to penetrate S.S.'s vagina.

As proof of appellant's guilt, the State offered S.S.'s testimony that, while at appellants home, appellant laid her on his bed, removed her pants and underwear, removed his pants and underwear, and penetrated her vagina with his penis. We conclude the State introduced evidence that embraces every essential element of the aggravated sexual assault of a child charge and the evidence introduced is sufficient to establish appellant's guilt. We overrule appellant's first issue as to the aggravated sexual assault charge.

**Sexual Assault of a Child - June 2007 Offense**

In his first issue concerning the sexual assault of a child charge, appellant claims that the evidence is insufficient to prove the offense occurred.

---

[2] S.S. testified that she was born on September 2, 1992. Therefore, in May 2004, she would have been 11 years old. She also testified that she had never been married. In addition, Angela Gerald testified that she was married to appellant at the relevant time.

Based on the indictment for the sexual assault of a child, to establish guilt the State had to prove that appellant intentionally and knowingly caused the contact and penetration of the female sexual organ of S.S., a child, who was not appellant's spouse, by appellant's sexual organ. *See* TEX. PENAL CODE ANN. §§ 22.011. A child is a person younger than seventeen years of age. *Id.*

The evidence established S.S. was younger than seventeen years of age at the time of the alleged June 2007 offense and she was not appellant's spouse. The only remaining element of the offense of sexual assault that the State had to prove was that appellant intentionally and knowingly cause his penis to penetrate S.S.'s vagina.

As proof of appellant's guilt, the State offered S.S.'s testimony that on June 11, 2007 appellant took S.S. to dance practice but first stopped at his house. S.S. took a nap at his house. When she woke, appellant took off her pants and underwear, took off his pants, put on a condom, and penetrated her with his penis. We conclude the State introduced evidence that embraces every essential element of the sexual assault of a child charge and that the evidence introduced is sufficient to establish appellant's guilt. We overrule appellant's first issue as to the sexual assault charge.

**Trial Court's Jurisdiction**

Relying on the absence of a written transfer order, appellant claims his case was not properly transferred from the court that had original jurisdiction of the case upon the presentment of his indictment to that court. Therefore, appellant claims the trial court actually hearing his case lacked jurisdiction to hear it.

Appellant has forfeited his complaint about the lack of a written transfer order due to his failure to file a plea raising the issue with the trial court. The failure to file a written transfer order is a procedural error, not a jurisdictional one. *Lamasurier v. State*, 91 S.W.3d 897, 899

(Tex. App.—Fort Worth 2002, pet. ref'd). This procedural error does not render the actions of the later court void, but merely makes them subject to a timely plea identifying the issue. *Garcia v. State*, 901 S.W.2d 731, 732-33 (Tex. Crim. App. 1995). As a result, a defendant who does not file a timely plea forfeits any complaint about the lack of a written transfer order. *Mills v. State*, 742 S.W.2d 831, 835 (Tex. App.—Dallas 1987, no pet.).

Appellant's indictments for aggravated sexual assault of a child and sexual assault of a child were presented to Criminal District Court No. 1. Appellant later appeared in the 292nd Judicial District Court for pretrial hearings, he entered a no contest plea to the indictments in that court, and he was tried, convicted, and sentenced in that court. Appellant never filed a plea concerning the lack of a transfer order to the 292nd Judicial District Court nor in any other way challenged the competence of that court. Instead, he submitted to the court's jurisdiction by appearing before it and entering a plea. *See, e.g., Garcia*, 901 S.W.2d at 733. Accordingly, Appellant's second issues as to jurisdiction over the aggravated sexual assault of a child and sexual assault of a child cases are without merit and are overruled.

## CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgment in the sexual assault of a child case and the deferred adjudication order.

.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

140596F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICKEY ODELL GERALD II, Appellant

No. 05-14-00596-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0772503-V.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of November, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICKEY ODELL GERALD II, Appellant

No. 05-14-00597-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F-0772502-V.

Opinion delivered by Justice Schenck.

Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of November, 2015.