ACCEPTED
05-19-00113-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/2/2019 6:39 PM
LISA MATZ
CLERK

IN THE

COURT OF APPEALS

FOR THE FIFTH DISTRICT OF TEXAS

AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/2/2019 6:39:21 PM
LISA MATZ
Clerk

KEILON MARCEL WRIGHT
APPELLANT

V.

THE STATE OF TEXAS
APPELLEE

CAUSE NUMBER: 05-19-00113-CR

ON APPEAL FROM CAUSE NUMBER: F17-55631
203RD DISTRICT COURT
OF DALLAS COUNTY, TEXAS

APPELLANT'S BRIEF

Allan Fishburn
State Bar Number 07049110
1910 Pacific Avenue
Suite 18800
Dallas, Texas 75201
(214) 761-9170
allanfishburn@yahoo.com

IDENTITY OF THE COURT, PARTIES AND COUNSEL

THE COURT

Honorable Teresa Hawthorne
203rd District Court
Dallas County, Texas

PARTIES

KEILON MARCEL WRIGHT                              Appellant

THE STATE OF TEXAS                               State

COUNSEL

Mr. Robert 'Robbie' Crabtree
Assistant District Attorney                       Attorney for the State
133 N. Riverfront Boulevard
Dallas, Texas 75207

Mr. John Daniel Oliphant
3626 N. Hall Street                               Attorney for the Defendant
Suite 622
Dallas, Texas 75219

Mr. Allan Fishburn
1910 Pacific Avenue                               Attorney for Appellant
Suite 18800
Dallas, Texas 75201

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES                                    2

TABLE OF CONTENTS                                          3

INDEX OF AUTHORITIES                                       4

STATEMENT OF THE CASE                                      5

ISSUES PRESENTED                                           6

STATEMENT OF FACTS                                         7

POINT OF ERROR NUMBER ONE

THE TRIAL COURT LACKED JURISDICTION
TO HEAR THE INSTANT CASE AND RENDER
A JUDGMENT THE CASE WAS NOT PROPERLY
TRANSFERREDTO ITS DOCKET                                  12

SUMMARY OF ARGUMENT                                       13

ARGUMENT                                                  13

PRAYER                                                    15

CERTIFICATE OF COMPLIANCE                                 16

CERTIFICATE OF SERVICE                                    16

# INDEX OF AUTHORITIES

**CASES**

Ex parte Seidel, 39 S.W. 3rd 221
(Tex. Crim. App. 2001)                                          14

Garcia v. State, 901 S.W. 2d 731
(Tex. App. Houston [14th Dist.] 1995)                           15

Heath v. State, 817 S.W. 2d 335
(Tex. Crim. App. 1991)                                          14

Hoang v. State, 872 S.W. 2d 694
(Tex. Crim. App. 1993)                                          14

Marin v. State, 851 S.W. 2d 275
(Tex. Crim. App. 1993)                                          14

Mills v. State, 742 S.W. 2d 832
(Tex. App. – Dallas 1987)                                       15

**STATUTES**

Tex. Code Crim. Proc. Ann. article 4.16                         13, 14

Tex. Code Crim. Proc. Ann. article 12.06                        13

Tex. Code Crim. Proc. Ann. article 32.01                        13

Tex. Govt. Code Ann. section 24.003                             14

**CONSTITUTIONS**

Tex. Const. Art. V. section 12 (b)                              13

## STATEMENT OF THE CASE

Appellant was charged with aggravated robbery by an indictment which reads: In the name and by the authority of the State of Texas: The Grand Jury of Dallas County, State of Texas, duly organized at the July term, A.D., 2017 of the 291st Judicial District court for said County, upon its oath do present in and to said Court at said term that Keilon Marcel Wright, hereinafter called Defendant, on or about the 13th day of June, 2017 in the County of Dallas, State of Texas, id then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain of said property, threaten and place Pamela Murph in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon to-wit: A handgun. (C.R. P. 9)

Appellant pled guilty without the benefit of a plea bargain. (R.R. Vol. 1, p. 6-9)

The Trial Court set sentence at 30 years confinement. (R.R. Vol. 1, p. 66)

## ISSUES PRESENTED

1. The Trial Court lacked jurisdiction to hear the instant case and render a judgment because the case was not properly transferred to its docket.

## STATEMENT OF FACTS

Appellant was charged with aggravated robbery by an indictment which reads:

> In the name and by the authority of the State of Texas: The Grand Jury of Dallas County, State of Texas, duly organized at the July term, A.D. 2017 of the 291st Judicial District Court for said County, upon its oath do present in and to said Court at said term.
>
> That Keilon Marcel Wright, hereinafter called Defendant, on or about the 13th day of June, 2017, in the County of Dallas, State of Texas, did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten and place Pamela Murph in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to-wit: A handgun.

(C.R. p. 9)

The indictment was returned to the 291st District Court. (C.R. p. 8)

The case later appeared on the docket of the 195th District Court. (C.R. p.8)

Next the case was purportedly transferred to the 203rd District Court. (C.R. p. 17)

Appellant pled guilty without the benefit of a plea bargain. (R.R. Vol. 1, p. 6-9)

**Officer Green** was asked what his "role" was in the case. He answered:

> My role was responding to Officer Ulas call for cover, and I
> observed a black Toyota Corolla that was taken in a carjacking.
> I covered that officer. I was the number two car in the chase
> and also…

(R.R. Vol. 1, p. 11)

Officer Green described the chase. (R.R. Vol. 1, p 12)

After the car came to a stop "three of the four passengers of the vehicle fled on foot in another attempt to escape detention or arrest." (R.R. Vol. 1, p. 12)

The driver was caught hiding on a first floor balcony. (R.R. Vol. 1, p. 12)

Appellant was the driver. (R.R. Vol. 1, p. 12)

Officer Green described the situation as "very dangerous" because of aggravated robbery and fleeing in the car taken in one of the robberies was involved." (R.R. Vol. 1, p. 13)

Appellant "was already on probation for an aggravated robbery, out of the juvenile

8

department in Dallas."  (R.R. Vol. 1, p. 15)

Appellant had another robbery in 2013.  (R.R. Vol. 1, p. 15)

Appellant committed a robbery every year beginning in 2013.  (R.R. Vol. 1, p. 15)

One of the present robberies was a "home invasion."   (R.R. Vol. 1, p. 16)

One of the present robberies was a "carjacking."  (R.R. Vol. 1, p. 16)

State's exhibit 2, a video of the chase involving the car taken in one of the present robberies, was admitted without objection and published.  (R.R. Vol. 1, p. 16-17)

Appellant denied any participation in the offenses when he was interrogated by the lead detective.  (R.R. Vol. 1, p. 21)

One of the other suspects told police that Appellant "had the gun, and when the police were following them, gave it to one of them and told them to hide it under the seat so he wouldn't get caught with it."  (R.R. Vol. 1, p. 22)

On cross-examination Officer Green acknowledged that Appellant was 17 years old at the time of the event. (R.R. Vol. l, p. 25)

The victims of the home invasions robbery identified Appellant as being the gunman. (R.R. Vol. 1, p. 31)

The State rested. (R.R. Vol. 1, p. 33)

**Appellant** described his part in the event as follows:

> Like before all this even happened, like, I was in the car with my uncle and he supposed to take me home. The we had went to the store, then we had seen Darren Green and Datarian Hendrix walking to the store and they got in the car with my uncle and us and they … they told us take them to hit a lick. And then I was …
>
> So when they … then I was, like, take me home before you going to do that. And they was like, stop being scared. Just come on, man, and do it with us. Then they went to North Dallas and they had seen two … well, we seen two people going upstairs, you know, and they had put the gun out with them. And then I ran up there with them and they took their phones and laptop.

(R.R. Vol. 1, p. 34-35)

Appellant continued:

Like, my uncle first, like they, he drove to some apartments they seen and there was, like, those two people right there and I didn't want to do it but I did it with them, I ain't going to lie. So I jumped out with them. Darren Green put the gun … point the gun at them and took their phone and laptop. And then when we got back in the car, they were like, let's do another one, let's do another one. I said, nah, you all doing too much. Take me home. You - all tripping. And then we seen, like two females that was sitting in the car, they like, let's go get them, let's go get them. I was, like, man. So I did it with them. I was scared. So I got out and jumped out with them.

(R.R. Vol. 1, p. 35-36)

Appellant explained why he was driving the stolen car:

First, I was in the passenger's seat and Darren Green was driving and Hendrix was in the back. We coming down like … like they on the freeway, they coming, like, towards First and Rogue, that's where my momma live. And that's … he was driving like, all crazy. I was like, let me drive before you wreck. Let me drive to my momma's house. Let me get home first before you all do anything else. So he pulled over, I got in the driver's seat, I started driving. I'm driving normal, trying to get home, like and I want to get no stolen car. Then I seen the police get behind the car. I was about to pull over… at first when I was about to pull over… at first, they was like, hit the gas, hit the gas, hit the gas. You trippin. Keep going. Keep going. Me, I was about to stop. Then they was like, hit the gas. And we went into a high speed chase, that's when it happened. Then when I jumped out, I tried to run to my momma's house but I couldn't make it. I tried to tell my momma.

(R.R. Vol. 1, p. 38)

11

Appellant was on juvenile probation for robbery at the time of the event. (R.R. Vol. 1, p. 39)

Appellant only participated in the crimes because he needed a ride home. (R.R. Vol. 1, p. 40)

Appellant denied having a gun. (R.R. Vol. 1, p. 41)

Appellant rested and both sides closed. (R.R. Vol. 1, p. 61)

The Trial Court set sentence at 30 years confinement. (R.R. Vol. 1, p. 66)

## POINT OF ERROR NUMBER ONE

**THE TRIAL COURT LACKED JURISDICTION TO HEAR THE INSTANT CASE AND RENDER A JUDGMENT BECAUSE THE CASE WAS NOT TRANSFERRED TO ITS DOCKET**

## SUMMARY OF ARGUMENT

The 203rd District Court had no jurisdiction over this case.  Its judgment is void.

## ARGUMENT

The Texas Constitution provides that a court is vested with jurisdiction over a criminal case by the presentment of an indictment or information.  Tex. Const. Art. V. section 12 (b).  An indictment is presented when it has been duly acted on by the grand jury and received by the Trial Court.  Tex. Code Crim. Proc. Ann. Article 12.06.  Statutory provisions also codify the necessary result, implied by article V section 12 above that the Trial Court lacks jurisdiction in the absence of proper presentment.  Tex. Code Crim. Proc. Ann. Article 32.01 (requiring an indictment to be dismissed if not presented to the Trial Court by date certain). Once the indictment is presented jurisdiction is exclusive in the receiving Court unless it is transferred to another Court. Tex. Code Crim. Proc. Ann. Article 4.16.

The only mechanism for transferring the power to try a felony is by an order of transfer combined with an order of receiving.  Combined, these constitute a written agreement between the two courts involved.  The transferring Court issues an order

13

formally transferring jurisdiction over the case. The second Court accepts the case by issuing a formal order receiving. See, Tex. Govt. Code Ann. Section 24.003.

The instant case was presented to 291st District Court of Dallas County, Texas. Jurisdiction was thus invested in that Court. The instant case later appeared on the docket of the 195th District Court and then it was purportedly transferred to the 203rd District Court where it remained through judgment. However, there is nothing in the record showing that jurisdiction was ever transferred by the 291st District Court to the 195th District Court. Therefore it appears that the 291st District Court "retains" jurisdiction, just as article 4.16 states. Appellant contends that the 203rd District Court never acquired jurisdiction in this matter.

Lack of jurisdiction over a case renders a Trial Court's judgment void. Ex parte Seidel, 39 S.W. 3rd 221 (Tex. Crim. App. 2001); Hoang v. State, 872 S.W. 2d 694 (Tex. Crim. App. 1993). A defect which renders a sentence void may be raised for the first time of appeal. Heath v. State, 817 S.W. 2d 335 (Tex. Crim. App. 1991).

The right to be tried in a court that has properly acquired jurisdiction over a case is absolute. See, Marin v. State, 851 S.W. 2d 275 (Tex. Crim. App. 1993). Such a right to cannot be waived or forfeited, even with consent. Id. Implementation is not optional, it is always required. Id. at 279. Error in this

14

regard is not subject to further analysis. Thus, a defendant may complain about this violation of an absolute right on appeal without having raised the question in the Trial Court. Id. at 280.

Appellant now complains that the 203rd District Court never acquired jurisdiction over the instant case, but he acknowledges that authority is against his position. See, e.g., Mills v. State, 742 S.W. 2d 832, 835 (Tex. App. – Dallas 1987); Garcia v. State, 901 S.W. 2d 731,732-733 (Tex. App. - Houston [14th. Dist.]1995). These cases all hold that the present issue must be raised the trial counsel or it is waived. However, they simply cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by procedural default.

## PRAYER

WHEREFORE Premises Considered, Appellant prays that this Honorable Court reverse and remand this cause to the Trial Court for further proceedings

Respectfully submitted:

/s/ Allan Fishburn
Allan Fishburn
State Bar Number: 07049110
1910 Pacific Avenue
Suite 18800
Dallas, Texas 75201

Telephone (214) 761-9170
allanfishburn@yahoo.com

## CERTIFICATE OF COMPLIANCE

I hereby certify the foregoing document contains 2, 374words.

/s/ Allan Fishburn
Allan Fishburn

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief was e-served to

dcdaappeals@dallascounty.org on this the 2nd day of May, 2019.

/s/ Allan Fishburn
Allan Fishburn

16