

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00094-CR

JAMIE DELAINE COLLARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C40453-CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

A Navarro County[1] grand jury returned an indictment charging Jamie Delaine Collard with possession of a controlled substance, methamphetamine, in an amount less than one gram, a state jail felony.[2] After a trial in the County Court at Law of Navarro County, a jury found Collard guilty as charged in the indictment. At the punishment hearing, Collard pled true to two prior felony convictions alleged to enhance her punishment.[3] After an evidentiary hearing, the trial court found the enhancement allegations true, sentenced Collard to seven years' imprisonment, and ordered her to reimburse the Texas Department of Public Safety (TDPS) for testing.

On appeal, Collard contends (1) that the trial court erred in ordering reimbursement to the TDPS and (2) that, in the absence of a valid transfer order, the trial court lacked subject-matter jurisdiction to render the judgment of conviction. Because Collard failed to preserve her issue regarding the validity of the assignment of the case to the trial court, we will affirm the trial court's judgment of conviction. Nevertheless, because the trial court lacked authority to order reimbursement to the TDPS, we will modify the judgment by deleting the reimbursement fees.

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.).

[3]*See* TEX. PENAL CODE ANN. § 12.425(b).

## I.    Reimbursement Fees Not Authorized

The trial court's judgment of conviction contains an entry under "<u>Reimbursement Fees</u>" of $180.00.  It also provides, "Furthermore, <u>the following special findings or orders apply:</u> $180.00 to TX DPS Crime Lab[oratory]."  In her first issue, Collard challenges the award of reimbursement fees to the TDPS and requests that we modify the judgment by deleting that award.  The State concedes the issue.

When a defendant is placed on community supervision, the trial court is authorized to require the defendant to "reimburse a law enforcement agency for the analysis, storage, or disposal of raw materials, controlled substances, chemical precursors, drug paraphernalia, or other materials seized in connection with the offense" as a condition of her community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(17) (Supp.).  However, there is no statute that authorizes the trial court to order reimbursement to any law enforcement agency for those costs when the defendant is sentenced to imprisonment.  *See Shircliff v. State*, 654 S.W.3d 788, 793 (Tex. App.—Waco 2022, no pet.).  For that reason, "a trial court has no authority to assess DPS lab fees when a defendant is sentenced to imprisonment."  *Id.* (quoting *Ortega v. State*, No. 11-19-00081-CR, 2021 WL 2836799, at *1 (Tex. App.—Eastland July 8, 2021, no pet.) (per curiam) (mem. op. on remand, not designated for publication)).  Because Collard was sentenced to imprisonment, we find that the trial court had no authority to order her to reimburse the TDPS.  We, therefore, sustain this issue, and we will modify the trial court's judgment by deleting the $180.00 entry under "<u>Reimbursement Fees</u>" and deleting "$180.00 to TX DPS Crime Lab[oratory]" found in the trial court's special findings and orders.

3

## II. Validity of Case Assignment Not Preserved

Collard also complains that the trial court lacked subject-matter jurisdiction over this case and that, therefore, the judgment of conviction is void. Collard concedes that the County Court at Law of Navarro County may acquire felony jurisdiction. However, she argues that, in this case, because the indictment was first presented to the 13th Judicial District Court, the district court was required to enter a transfer order that was accepted by the county court at law of Navarro County before the county court at law could assume jurisdiction. She reasons that, because there is no transfer order that shows that the judge of the county court at law consented to the transfer of the case, the trial court acted without subject-matter jurisdiction.

Section 25.1772 of the Texas Government Code states,

In addition to the jurisdiction provided by Section 25.0003 and other law, . . . a county court at law in Navarro County has concurrent jurisdiction with the district court in:

(1)   felony cases to:

. . . .

    (D)   conduct jury trials on assignment of a district judge presiding in Navarro County and acceptance of the assignment by the judge of the county court at law;

TEX. GOV'T CODE ANN. § 25.1772(a)(1)(D) (Supp.). As a result, the County Court at Law of Navarro County and the 13th Judicial District Court have concurrent jurisdiction for felony cases assigned to the county court at law by the district court. Further, the Government Code requires district and statutory county courts in each county to adopt local rules of administration that provide for, inter alia, the "assignment, docketing, transfer, and hearing of all cases, subject to

4

jurisdictional limitations of the district courts and statutory county courts."  TEX. GOV'T CODE ANN. § 74.093(b)(1) (Supp.).  We take judicial notice that, on February 16, 2012, the judges of the 13th Judicial District Court, the County Court at Law of Navarro County, and the County Court of Navarro County jointly entered an amended Administrative Order—Case Management/Assignment Plan.  13TH DISTRICT COURT, COUNTY COURT AT LAW & COUNTY COURT OF NAVARRO COUNTY, TEXAS, ADMINISTRATIVE ORDER—CASE MANAGEMENT/ ASSIGNMENT PLAN AMONG THE SAID NAVARRO COUNTY COURTS (AMENDED FEBRUARY 16, 2012), https://www.co.navarro.tx.us/upload/page/4291/docs/DistrictJudge/DJ_-_ADMIN_ ORDER_13TH_DIST.pdf.  That order states:

> Felony cases filed with the District Clerk[4] . . . shall be randomly assigned, except as prohibited by Government Code 25.1772 and 25.003:
>
> > a.      Cases beginning with a "D" shall be assigned to the District Court.
> >
> > b.      Cases beginning with a "C" shall be automatically assigned by the District Court to the County Court at Law.
>
> The County Court at Law may conduct arraignments; conduct pretrial hearings; accept guilty pleas; conduct jury and bench trials; and may assess punishment and/or pronounce sentence.

*Id.* at 2.[5]

As a result, the district court and the county court at law in Navarro County have adopted a procedure, pursuant to the Government Code, by which certain felony cases are automatically

---

[4]*See* TEX. GOV'T CODE ANN. § 25.1772(f) ("The district clerk serves as clerk of a county court at law in matters of concurrent jurisdiction with the district court . . . .").

[5]In the trial court, the cause number of this case was "C40453-CR."

assigned by the district court to the county court at Law.  Nevertheless, Collard argues that such assignment must be made by a separate order filed in each case.

The issue, then, is whether the procedure adopted by the courts in Navarro County comports with Section 25.1772's provision that the County Court at Law of Navarro County has jurisdiction of felony cases "on assignment of a district judge presiding in Navarro County and acceptance of the assignment by the judge of the county court at law."  TEX. GOV'T CODE ANN. § 25.1772(a)(1)(D).  However, this is not a jurisdictional issue, but rather a question of statutory procedure.  *See In re Griffith*, No. 10-18-00131-CR, 2018 WL 2344651, at *1 (Tex. App.—Waco May 23, 2018, orig. proceeding) (mem. op, not designated for publication); *Colomb v. State*, No. 10-08-00039-CR, 2009 WL 1163413, at *2 (Tex. App.—Waco Apr. 29, 2009, no pet.) (mem. op., not designated for publication).

"Errors involving statutory procedure are merely voidable and require an objection to preserve error."  *Colomb*, 2009 WL 1163413, at *2 (citing *Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001)).  Since Collard asserts an error involving statutory procedure, she was required to assert the error in the trial court.  *See id.*; *see also Daniels v. State*, 352 S.W.2d 267, 268 (Tex. Crim. App. 1961) (finding that lack of transfer order between two district courts cannot be complained of on appeal absent filing of timely plea to the jurisdiction in trial court); *Bradford v. State*, No. 06-15-00192-CR, 2016 WL 6471353, at *1 (Tex. App.—Texarkana Nov. 2, 2016, no pet.) (mem. op., not designated for publication) (holding that lack of objection to exchange of benches between district court and county court at law failed to preserve complaint regarding lack of assignment authorizing the exchange).  Because Collard did not raise

6

an objection regarding the lack of an assignment order in the trial court, she has failed to preserve this issue on appeal. *See Daniels*, 352 S.W.2d at 268; *Colomb*, 2009 WL 1163413, at *2. We overrule this issue.

## III. Conclusion

For the reasons stated, we modify the trial court's judgment by deleting the $180.00 entry under "Reimbursement Fees," and by deleting "$180.00 to TX DPS Crime Lab[oratory]" under the trial court's special findings and orders. As modified, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     January 19, 2023
Date Decided:       February 1, 2023

Do Not Publish

7